[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 23, 2012
JOHN LEY
CLERK

No. 10-15098
_____

D.C. Docket No. 0:08-cv-61445-MGC


ANAGO FRANCHISING, INC.,

Plaintiff -
Counter-Defendant -
Appellee,

versus

SHAZ, LLC,

Defendant -
Counter-Claimant -
Appellant,

ECO BUILDING SERVICES LLC,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 23, 2012)

Before WILSON and COX, Circuit Judges, and RESTANI,[*] Judge.

WILSON, Circuit Judge:

This case arises out of an alleged breach of a settlement agreement signed in a franchise dispute. The district court found that it had never dismissed the case and retained jurisdiction to decide the motion to compel compliance with the settlement agreement. After careful consideration and briefing by the parties, we find that the parties dismissed the case by filing a stipulation in accordance with Federal Rule of Civil Procedure 41(a)(1)(A)(ii) and that the district court did not retain jurisdiction to enforce the settlement agreement. The court was therefore without jurisdiction to consider the motion to compel. We remand this case to the district court to dismiss it for lack of jurisdiction.

## I. FACTS AND PROCEDURAL HISTORY

Anago Franchising, Inc. ("Anago"), a Florida corporation, is a commercial cleaning services franchisor. Shaz, LLC ("Shaz") was its subfranchisor in the state of Utah and was obligated under the Subfranchise Rights Agreement to sell a certain number of unit franchises each year within its territory. Shaz members separately own and operate Eco Building Services, LLC ("Eco"), a Utah limited

[*]Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation.

liability corporation unaffiliated with Anago.  In the underlying case, Anago

terminated Shaz's Subfranchise Rights Agreement for failure to meet the minimum

annual performance requirement.  Eco then began to service Shaz's former clients'

cleaning needs, and Anago filed suit against both Shaz and Eco.  Shaz

subsequently filed counterclaims against Anago.  On February 3, 2009, Shaz, Eco,

and Anago resolved their dispute in mediation and entered into a final mediated

settlement agreement ("the Settlement Agreement") containing a confidentiality

clause.[1]  The next day, a managing member of both Shaz and Eco made a

disclosure that Anago alleges is a material breach of the Settlement Agreement's

confidentiality clause.  Despite the alleged breach, both parties continued to

perform under the terms of the Settlement Agreement.

On February 27, 2009 the district court administratively closed the case and

requested that the parties file "a Stipulation for Final Order of Dismissal within

fifteen days."  It noted that after the stipulation was filed, it would enter an order

dismissing the case with prejudice.  Pursuant to the Settlement Agreement, on

March 2, 2009, Anago, Shaz, and Eco filed a Stipulation for Dismissal with

---

[1] We note that the settlement agreement has been filed under seal.  Although Shaz and Eco filed their briefs and record excerpts under seal, Anago did not file its brief under seal and disclosed various terms of the agreement therein.  The parties also discussed specific terms of the Settlement Agreement at oral argument and did not request any part of the hearing be kept confidential.  Out of abundance of caution, we refer only to facts in the unsealed record.

Prejudice in district court. The Stipulation referenced Federal Rule of Civil Procedure "41(a)(1)(ii) and (2),"[2] stated that all parties agreed to dismiss the entire matter with prejudice, and asserted "that the Court shall reserve jurisdiction to enforce the settlement between the parties pursuant to the terms contained therein." The Stipulation was signed by the attorneys representing each of the parties. That day the parties also filed a Joint Motion for Entry of Final Judgment by Consent. The district court never filed an order dismissing the case with prejudice.

On March 20, 2009 Anago sent Shaz and Eco a letter indicating that the February 4 disclosure constituted a breach of a material term of the Settlement Agreement which allowed them to forego any obligation to make future payments.

On March 26, 2009, the district court signed the consent final judgment that had been attached to the parties' March 2 joint motion. The final judgment did not mention the March 2 Stipulated Dismissal or the Settlement Agreement, and it did not explicitly dismiss the case.

In July 2009, after months of nonpayment, Shaz and Eco filed a motion in district court seeking to compel Anago's compliance with the Settlement Agreement. The district court referred the case to a magistrate judge who found

---

[2]The 2007 changes to the Federal Rules of Civil Procedure reorganized Rule 41(a)(1), and the provision previously found in Rule 41(a)(1)(ii) is now contained in Rule 41(a)(1)(A)(ii). The new rule is substantively the same as the old, as noted in the Advisory Committee Notes to the 2007 amendments. For clarity we cite to the new rule throughout this opinion.

4

continuing jurisdiction to consider the motion because the district court had never dismissed the case—it had only administratively closed it. The magistrate judge's jurisdictional analysis focused on the text of the final judgment. Because the final judgment did not order the clerk to dismiss the case, the magistrate judge concluded that the case had not been dismissed. The magistrate judge's order does not discuss the Stipulation of Dismissal beyond noting that it was filed and that the parties agreed that the district court would retain jurisdiction to enforce the Settlement Agreement.

After an evidentiary hearing, the magistrate judge recommended that the district court deny Shaz and Eco's Motion to Compel. The district court adopted the magistrate judge's findings and denied the motion on the merits, concluding that Shaz had breached the Settlement Agreement and that this discharged Anago's obligation to perform. Shaz and Eco now appeal.

## II. JURISDICTION

We have an independent obligation to determine whether jurisdiction exists in each case before us, so we may consider questions of jurisdiction *sua sponte* even when, as here, the parties have not raised jurisdictional challenges. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 1244 (2006).

Our jurisdictional inquiry requires us to determine if the case was dismissed

5

below and whether the district court retained jurisdiction to enforce the Settlement Agreement after that dismissal. This inquiry requires us to clarify two points of law: (1) whether a stipulation of dismissal filed under Federal Rule of Civil Procedure 41(a)(1)(A)(ii) dismisses a case automatically, and (2) whether under *Kokkonen v. Guardian Life Insurance of America*, 511 U.S. 375, 114 S. Ct. 1673 (1994), a district court may enter an order retaining jurisdiction over a settlement agreement after a stipulation of dismissal is effectuated.

The case below could only have been dismissed through the March 2 Stipulation of Dismissal filed by the parties or through the district court's March 26 entry of Final Judgment. Because voluntary dismissal of a case strips the court of jurisdiction and leaves it without power to make legal determinations on the merits, we begin our inquiry by determining the nature of the document filed by the parties on March 2. *See SmallBizPros, Inc. v. MacDonald*, 618 F.3d 458, 463 (5th Cir. 2010) (per curiam) (noting that any action by the district court after a voluntary dismissal is "superfluous"); *Smith v. Phillips*, 881 F.2d 902, 904 (10th Cir. 1989) (stating that once a stipulation is filed pursuant to Rule 41(a)(1)(A)(ii), all action on the merits of the case is terminated).

## A. Dismissal under Federal Rule of Civil Procedure 41

After settlement of a case, parties may dismiss the case themselves by

6

utilizing Federal Rule of Civil Procedure 41(a), which allows plaintiffs to voluntarily dismiss an action. Generally, a plaintiff may ask the court to dismiss an action at any time. *See* Fed. R. Civ. P. 41(a)(2). Under Rule 41(a)(2), the court has discretion to dismiss the case through an order and to specify the terms of that dismissal. A plaintiff may dismiss an action voluntarily without a court order in two circumstances: by filing a notice of dismissal before the opposing party serves an answer or motion for summary judgment, Fed. R. Civ. P. 41(a)(1)(A)(i), or at any time during the litigation by filing a stipulation of dismissal signed by all parties who have appeared, Fed. R. Civ. P. 41(a)(1)(A)(ii).

## 1. Standard of Review

Anago, Shaz, and Eco filed a document with the court entitled "Stipulation for Dismissal with Prejudice" which stated that it was filed pursuant to "Rule 41(a)(1)[(A)](ii) and (2)." The parties made an obvious drafting mistake by citing two different modes of dismissal—Rule 41(a)(1), which allows for dismissal without a court order, and Rule 41(a)(2), which requires the court to order the case dismissed—so to determine whether the case was dismissed, we must identify which rule the parties used to dismiss the case.

We have never specifically addressed the standard we use when reviewing a district court's construction of a Rule 41(a) filing. We review a district court's

7

decision to dismiss a case pursuant to a Rule 41(a)(2) motion for abuse of discretion, *Negron v. City of Miami Beach*, 113 F.3d 1563, 1571 (11th Cir. 1997), and a district court's interpretation of Rule 41(a) *de novo*, *ASX Inv. Corp. v. Newton*, 183 F.3d 1265, 1267 (11th Cir. 1999). The determination of whether a document was filed under Rule 41(a)(1) or Rule 41(a)(2) is a legal conclusion that can be made on the face of the filing and does not depend on facts the district court should find in the first instance. We therefore review the district court's determination *de novo*. *See Cunningham v. Whitener*, 182 F. App'x 966, 968–69 (11th Cir. 2006) (per curiam) (considering a court order on its face to determine if it was issued pursuant to 41(a)(1) or (a)(2)); *De Leon v. Marcos*, 659 F.3d 1276, 1282–83 (10th Cir. 2011) (reviewing *de novo* the district court's determination on whether a stipulation was filed pursuant to Rule 41(a)(1) or 41(a)(2)).

A *de novo* review requires us to determine the parties' intent when they filed the March 2 document, and the best indication of that intent is the document itself. *See generally De Leon*, 659 F.3d at 1283–84 (interpreting a filing *de novo*, analyzing its contents and comparing them to the requirements found in Rule 41(a)(1)(A)(ii) and Rule 41(a)(2) to determine which controls). The parties styled the document a "Stipulation," which is expressly required in Rule 41(a)(1)(A)(ii) and not mentioned in Rule 41(a)(2). The Stipulation states that all parties "agree to

8

dismissal with prejudice" of the complaint and counterclaim in the case. Rule 41(a)(1)(B) states that dismissals under Rule 41(a)(1) must explicitly state if prejudice is to attach, else the court will assume that the dismissal will be without prejudice. Rule 41(a)(2) also presumes dismissal without prejudice but leaves the final dismissal terms to the discretion of the district court. Fed. R. Civ. P. 41(a)(2) ("Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice."). Finally, the Stipulation does not contemplate that a court order is necessary to make it effective. There is no signature line for the district court, and the statement retaining jurisdiction is not a request made to the district court but a declaration of retained jurisdiction. We therefore find that the Stipulation was entered pursuant to Rule 41(a)(1)(A)(ii) and that its reference to Rule 41(a)(2) was in error.

**2. Dismissal Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii)**

Because the Stipulation was filed pursuant to Rule 41(a)(1)(A)(ii), we now examine when and how a stipulation can dismiss a case under that provision. Rule 41(a)(1)(A)(ii) allows for plaintiffs, subject to certain rules inapplicable here, to "dismiss an action without a court order by filing . . . a stipulation of dismissal signed by all parties who have appeared." "Unless the notice or stipulation states otherwise, the dismissal is without prejudice." Fed. R. Civ. P. 41(a)(1)(B).

Although we have found that a notice of dismissal under Rule 41(a)(1)(A)(i) "is effective immediately upon filing," *Matthews v. Gaither*, 902 F.2d 877, 880 (11th Cir. 1990) (per curiam), we have never directly addressed whether a stipulation filed pursuant to Rule 41(a)(1)(A)(ii) is similarly self-executing. The former Fifth Circuit indirectly indicated that a Rule 41(a)(1)(A)(ii) stipulation may dismiss the case automatically. *See United States v. City of Miami*, 614 F.2d 1322, 1330 (5th Cir. 1980)[3] ("[P]rocedurally it would seem to be impossible for the judge to become involved in overseeing a settlement[] because the parties are free at any time to agree to a resolution of the dispute by private contractual agreement[] and to dismiss the lawsuit by stipulation. . . . [T]he trial court plays no role in overseeing or approving any settlement proposals."); *Williams v. Ezell*, 531 F.2d 1261, 1263–64 (5th Cir. 1976) (stating that a district court has no discretion to deny a properly filed dismissal by the plaintiff under Rule 41(a)(1)). In a more recent case, we seemed to expect court approval because of the consent decree nature of the disposition. *See Am. Disability Ass'n v. Chmielarz*, 289 F.3d 1315, 1318 (11th Cir. 2002) (discussing the district court's entry of a Final Order of Dismissal to effectuate a Rule 41(a)(1)(A)(ii) stipulation of dismissal when the

---

[3]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to October 1, 1981.

10

plaintiff requested the entry of a dismissal order). *But see State Treasurer of Mich. v. Barry*, 168 F.3d 8, 14 (11th Cir. 1999) (stating that the district court has "nothing further to do when a stipulation of dismissal without prejudice is filed").

Most of our sister circuits have directly or implicitly found, in published and unpublished opinions, that a stipulation filed under Rule 41(a)(1)(A)(ii) is self-executing and dismisses the case upon filing. *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 139 (2d Cir. 2004) ("Generally . . . a plaintiff's filing in the district court of a stipulation of dismissal signed by all parties pursuant to Rule 41(a)(1)(ii) divests the court of its jurisdiction over a case, irrespective of whether the district court approves the stipulation."); *Kabbaj v. Am. Sch. of Tangier*, 445 F. App'x 541, 544 (3d Cir. 2011) (per curiam) ("A dismissal under Rule 41(a)(1)(A)(ii) is automatic; it does not require judicial approval." (citing *First Nat'l Bank of Toms River v. Marine City, Inc.*, 411 F.2d 674, 677 (3d Cir. 1969))); *SmallBizPros*, 618 F.3d at 463 ("[A] voluntary stipulation of dismissal under Rule 41(a)(1)(A)(ii) is effective immediately, [so] any action by the district court after the filing of such a stipulation can have no force or effect because the matter has already been dismissed . . . ."); *Green v. Nevers*, 111 F.3d 1295, 1301 (6th Cir. 1997) (noting that a "properly stipulated dismissal under Rule 41(a)(1)[(A)](ii) is self-executing and does not require judicial approval . . . ."); *Jenkins v. Vill. of Maywood*, 506

11

F.3d 622, 624 (7th Cir. 2007) ("[U]nder Rule 41(a)[(1)(A)(ii)], the dismissal was effective immediately upon the filing of the Stipulation . . . ."); *Gardiner v. A.H. Robins Co.*, 747 F.2d 1180, 1189 (8th Cir. 1984) (recognizing that the entry of a stipulation under Rule 41(a)(1)(A)(ii) is effective automatically and does not require judicial approval); *De Leon*, 659 F.3d at 1284 (characterizing a Rule 41(a)(1)(A)(ii) dismissal as self-executing); *In re Wolf*, 842 F.2d 464, 466 (D.C. Cir. 1988) (per curiam) ("'[C]aselaw concerning stipulated dismissals under Rule 41(a)(1)[(A)](ii) is clear that the entry of such a stipulation of dismissal is effective automatically and does not require judicial approval.'" (quoting *Gardiner*, 747 F.2d at 1189)); *see also Marino v. Pioneer Edsel Sales, Inc.*, 349 F.3d 746, 752 n.1 (4th Cir. 2003) (noting that dismissals by stipulation pursuant to Rule 41(a)(1)(ii) are not effectuated by court order); *Commercial Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1077 (9th Cir. 1999) (noting, when discussing a Rule 41(a)(1)(A)(i) dismissal, that Rule 41(a)(1) dismissals are generally automatic and contrasting them with Rule 41(a)(2) dismissals).

The distinctions Rule 41(a)(1) draws between stipulations and notices are based on the stage of litigation during which they may be filed. The Rules make no distinction regarding their effect on litigation. *See* Fed. R. Civ. P. 41(a)(1)(B) (discussing the effect of a "notice or stipulation"). We have found that notices of

12

dismissal allowed for under Rule 41(a)(1)(A)(i) are effective upon filing, and we find no reason to require judicial approval of stipulations of dismissal filed under Rule 41(a)(1)(A)(ii). *See In re Wolf*, 842 F.2d at 466 (finding instructive cases interpreting Rule 41(a)(1)(A)(i) to determine the effect of a Rule 41(a)(1)(A)(ii) filing).

Therefore, we find that the plain language of Rule 41(a)(1)(A)(ii) requires that a stipulation filed pursuant to that subsection is self-executing and dismisses the case upon its becoming effective. The stipulation becomes effective upon filing unless it explicitly conditions its effectiveness on a subsequent occurrence. District courts need not and may not take action after the stipulation becomes effective because the stipulation dismisses the case and divests the district court of jurisdiction. *See SmallBizPros*, 618 F.3d at 464.

We must now determine if the Stipulation filed below was effective upon filing and if so, whether the district court properly retained jurisdiction to enforce the Settlement Agreement.

## B. Retaining Jurisdiction under *Kokkonen*

In *Kokkonen*, the Supreme Court recognized that the enforcement of a settlement agreement falls outside of the scope of ancillary jurisdiction of the federal courts, even when the court had jurisdiction to hear the underlying case.

13

511 U.S. at 379–80, 114 S. Ct. at 1676. The Supreme Court reasoned that a district court could retain jurisdiction to enforce a settlement agreement with consent of the parties and of the court, provided the district court issues an order requiring compliance with the settlement agreement. *Id.* at 381, 114 S. Ct. at 1677. In that case, non-compliance would be a violation of a court order and the district court could use its ancillary jurisdiction to enforce its orders (and by extension enforce the settlement agreement). *Id.* The Supreme Court stated that a district court could require compliance by either making the settlement agreement part of the court order by a separate provision "retaining jurisdiction" or by incorporating the terms of the agreement into the order itself. *Id.* at 381, 114 S. Ct. at 1677.

Underlying *Kokkonen* is the well-established proposition that jurisdiction cannot exist by mere consent of the parties. *See, e.g.*, *Eagerton v. Valuations, Inc.*, 698 F.2d 1115, 1118 (11th Cir. 1983). To retain jurisdiction to enforce a settlement agreement, the court itself must act; agreement by the parties is not enough. *See SmallBizPros* 618 F.3d at 464 n.4 (speculating that a situation might arise in which a district court may lack jurisdiction to enforce a settlement agreement because it issued no order retaining jurisdiction even though the parties expressly provide for ancillary jurisdiction in their stipulation for dismissal). The Supreme Court stated that when dismissal is pursuant to Rule 41(a)(1)(A)(ii), the

district court is "authorized to embody the settlement contract in its dismissal order . . . if the parties agree." *Kokkonen*, 511 U.S. at 381–82, 114 S. Ct. at 1677. In *Chmielarz*, this court's first interpretation of *Kokkonen*, we did not detail the methods by which a district court could retain jurisdiction. We did note, however, that the district court entered an order of dismissal following the filing of a stipulation of dismissal and that the court's dismissal order sufficiently adopted the settlement agreement to retain jurisdiction. 289 F.3d at 1318, 1320–21.

## C. Reconciling Rule 41(a)(1)(A)(ii) and *Kokkonen*

Our Circuit has not yet decided whether a district court order entered after the filing of a Rule 41(a)(1)(A)(ii) stipulation can have any effect. In *Kokkonen*, the Supreme Court stated that in the context of a

> Rule 41(a)(1)[(A)](ii) [dismissal] (which does not by its terms empower a district court to attach conditions to the parties' stipulation of dismissal) . . . the court is authorized to embody the settlement contract in its dismissal order (or, what has the same effect, retain jurisdiction over the settlement contract) if the parties agree. Absent such action, however, enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction.

511 U.S. 381–82, 114 S. Ct. at 1677. This language creates a tension between the self-executing nature of a stipulation of dismissal which strips the district court of jurisdiction to issue orders and the Supreme Court's allowance of a postdismissal order to have the effect of retaining jurisdiction. The Seventh Circuit resolved this

15

tension by finding that *Kokkonen* allows the district court to "take certain postdismissal action in furtherance of its ancillary jurisdiction" despite the fact that generally a Rule 41(a)(1)(A)(ii) stipulation divests the court of jurisdiction. *Bond v. Utreras*, 585 F.3d 1061, 1078 (7th Cir. 2009). Instead of finding an exception, the Fifth Circuit has resolved this issue by focusing on the mechanics of Rule 41 and allowing parties to make the effectiveness of their stipulation contingent on action by the district court. *SmallBizPros*, 618 F.3d at 463. Specifically, the Fifth Circuit explains that the district court can retain jurisdiction if "(i) all of the requirements for retaining jurisdiction [are] met at the time of filing, or (ii) the filing's effectiveness [is] contingent upon a future act (such as the district court issuing an order retaining jurisdiction)." *Id.*

We agree with the Fifth Circuit that a district court cannot retain jurisdiction by issuing a postdismissal order to that effect. A district court loses all power over determinations of the merits of a case when it is voluntarily dismissed. *Id.* In the context of a Rule 41(a)(1)(A)(ii) dismissal, we understand the Supreme Court's statement that "the [district] court is authorized to embody the settlement contract in its dismissal order (or, what has the same effect, retain jurisdiction over the settlement contract) if the parties agree" to mean that the parties must agree to the district court's order retaining jurisdiction, not that the district court may enter a

16

dismissal order when it would otherwise lack jurisdiction to do so. *Kokkonen*, 511 U.S. at 381–82, 114 S. Ct. at 1677.

Similar to the Fifth Circuit, we read *Kokkonen* in light of the plain language of Rule 41(a)(1)(A)(ii) and understand that it allows a district court to retain jurisdiction through an order, even if the parties dismiss the case through use of Rule 41(a)(1)(A)(ii), so long as the parties agree to the retention of jurisdiction. Because a court has no power to enter orders after a Rule 41(a)(1)(A)(ii) stipulation becomes effective, however, the court must enter the order retaining jurisdiction before the stipulation becomes effective. We therefore find that for a district court to retain jurisdiction over a settlement agreement where the parties dismiss the case by filing a stipulation of dismissal pursuant to Rule 41(a)(1)(A)(ii), either (1) the district court must issue the order retaining jurisdiction under *Kokkonen* prior to the filing of the stipulation, or (2) the parties must condition the effectiveness of the stipulation on the district court's entry of an order retaining jurisdiction.[4]

This is not inconsistent with our interpretation of *Kokkonen* in *Chmielarz*.

---

[4]As the Fifth Circuit noted, this does not transform a Rule 41(a)(1)(A)(ii) stipulation into a Rule 41(a)(2) dismissal (requiring a court order) because the parties themselves are agreeing to the conditional effectiveness of the stipulation, and the court would not be empowered to impose new conditions on the parties. *SmallBizPros*, 618 F.3d at 463 n.3. If the district court does not issue an order retaining jurisdiction, the stipulation would simply not become effective and the case would not be dismissed.

17

There, the parties filed a stipulation of dismissal and "*requested* the Court to retain jurisdiction to enforce the terms of the Stipulation for Settlement." *Chmielarz*, 289 F.3d at 1318 (emphasis added) (internal quotation marks omitted). Pursuant to that request, the district court entered an order of dismissal which specifically "approved, adopted and ratified the Stipulation of Voluntary Dismissal with Prejudice, dismissed the case with prejudice, and expressly retained jurisdiction solely for the purpose of enforcing the Settlement Agreement." *Id.* (alteration and internal quotation marks omitted). Thus, the court issued its order because the stipulation requested it and by its nature required it.

In this case, the parties purported to retain jurisdiction by stating in their Stipulation that "[a]ll parties agree that the Supreme Court shall reserve jurisdiction to enforce the settlement between the parties pursuant to the terms contained therein." Unlike the stipulation in *Chmielarz*, this Stipulation makes no request of the district court; the parties seek to extend jurisdiction by agreement only. It is undoubtedly true that all parties must consent to the retention of jurisdiction over the enforcement of a settlement agreement if the case is dismissed by stipulation of all parties, but that agreement alone is not sufficient. *See Kokkonen*, 511 U.S. at 381, 114 S. Ct. at 1677. The district court must also issue an order specifically retaining jurisdiction in accordance with *Kokkonen* because

18

ancillary jurisdiction allows a district court to effectuate its orders, not to enforce stipulations. *See Kokkonen*, 511 U.S. at 380–81, 114 S. Ct. at 1676–77. The district court did not retain jurisdiction to enforce the Settlement Agreement here because the court issued no such order before the case was dismissed and the stipulation was not conditioned by the entry of an order retaining jurisdiction.

Our decision does not leave the parties without a remedy—they may seek to enforce the settlement agreement in state court. *Kokkonen*, 511 U.S. at 382, 114 S. Ct. at 1677 ("[E]nforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction."). Settlement agreements are contracts and thus may be adjudicated in courts with jurisdiction over the contract. *See id.* at 378, 114 S. Ct. at 1675–76 ("Enforcement of [a] settlement agreement, however, . . . is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction."). When the settlement agreement is not made part of a court order, it is merely a private contract arising out of a case in federal court and "ha[s] nothing to do with" the underlying case. *Id.* at 380, 114 S. Ct. at 1676. The contract does not require adjudication by the same court, and is too "remote from what courts require in order to perform their functions." *Id.*

## III. CONCLUSION

19

The underlying lawsuit was dismissed on March 2, 2009, when the Stipulation for Dismissal with Prejudice was filed in the district court pursuant to Rule 41(a)(1)(A)(ii).[5] The Stipulation did not condition its effectiveness on the issuance of an order by the district court retaining jurisdiction, and the court did not issue such an order prior to the dismissal of the case. Therefore, the district court did not retain jurisdiction to enforce the Settlement Agreement.

Rule 41(a)(1)(A) is a useful tool in settling cases because it allows parties to dismiss an action without a court order. However, it must be used precisely to reach the desired result; ancillary jurisdiction does not allow a court to enforce a filed stipulation in the same way it allows a court to enforce its orders. *Cf. Kokkonen*, 511 U.S. at 380–81, 114 S. Ct. at 1676–77. Because the case was dismissed and jurisdiction was not retained, the district court did not have jurisdiction to consider the July 6 Motion to Compel, and we do not have jurisdiction to rule on the merits of that decision.

"Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex Parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1869). We therefore

---

[5]Because we find that the March 2 stipulation dismissed the case, we do not address the magistrate judge's conclusion that the entry of a final judgment does not dismiss a case unless it does so explicitly.

vacate the district court's ruling on the Motion to Compel and remand this case with instructions to dismiss for lack of jurisdiction.[6]

**VACATED AND REMANDED WITH INSTRUCTIONS TO DISMISS FOR LACK OF JURISDICTION.**

---

[6]We note that all orders issued after the filing of the stipulation of dismissal—including the consent final judgment—are vacated because the court was without power to issue them.