MOORE, Circuit Judge,
dissenting.
The majority recognizes the well-settled principle that a district court has broad discretion to relinquish jurisdiction over enforcing the parties’ settlement agreement, but decides that the record in this case “reveals no adequate basis to conclude that the court had withdrawn jurisdiction over the remaining 1992 filters.” Maj. Op. at 28. On the contrary, the record unambiguously shows that the court gave up its jurisdiction over the 1,992 filters that were not referred to the special master and then dismissed the case as moot with respect to the eight representative filters that ClearPlay removed from the market. Because I believe the district court did not abuse its discretion by relinquishing jurisdiction, I respectfully dissent.
*31 The majority is correct that a court’s decision to retain jurisdiction to enforce a settlement agreement is entirely discretionary. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 378, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). Indeed, absent some affirmative act by the court to retain jurisdiction, “enforcement of a settlement agreement falls outside the scope of the ancillary jurisdiction of the federal courts, even when the court had jurisdiction to hear the underlying case.” Anago Franchising, Inc. v. Shaz, LLC, 677 F.3d 1272, 1278 (11th Cir.2012) (citing Kokkonen, 511 U.S. at 379-80, 114 S.Ct. 1673). Generally, courts exercise such jurisdiction in the interests of judicial economy to “permit disposition by a single court of claims that are ... factually interdependent” and “to enable a court to function successfully ... to manage its proceedings, vindicate its authority, and effectuate its decrees.” Kokkonen, 511 U.S. at 380, 114 S.Ct. 1673. It is thus crucial that a district court have discretion throughout the litigation, not just at the beginning, to assess whether its assertion of jurisdiction continues to foster judicial economy and is necessary to enforce its own orders. The court must therefore be allowed to exercise its discretion to relinquish jurisdiction.
The majority agrees with this legal axiom, but concludes as a factual matter that the court did not clearly withdraw jurisdiction over the 1,992 filters remaining in the case. I disagree. In its order dismissing the case, the district court stated that it was “withdraw[ing] its prior retention of jurisdiction to enforce the settlement and license agreement entered into between the parties on November 23, 2005.” J.A. 6 (emphasis added). With all due respect, there is nothing unclear about this statement. The district court plainly relinquished jurisdiction over any additional filtering disputes, i.e., the 1,992 filters remaining in the case after Clear-Play agreed to stop selling the eight representative filters.
Although the district court unambiguously withdrew its jurisdiction to enforce the settlement agreement, the majority seems to believe that the order to dismiss somehow left the court’s reasoning in doubt. The majority states that “[s]hould the district court again choose to dismiss this case on remand, regardless of the basis, we encourage the court to set forth its reasoning in a written order.” Maj. Op. at 29 n. 5 (emphases added). Even if the court’s reasoning were at all opaque, the district court clarified its thinking in its statements in open court on December 21, 2011, which the written order expressly incorporates.
At that hearing, the court explained that it “reconsidered” its decision to retain jurisdiction and decided that “the parties should go back to the requirements or procedures set forth in 4.6 of the settlement agreement.” J.A. 9287-88. The court stated that “other than the [filters] that were the subject of the submission to the special master — [the court] was not going to deal with any other filtering issues.” Id. at 9288 (emphasis added). As a result, the court concluded that, because ClearPlay “indicated it is going to either agree to take the [filters] that have been selected as the samples off the shelves, or to put them into compliance, I don’t think there’s anything else for this Court to do.” Id. at 9288. The court further explained that it was “no longer going to retain jurisdiction to enforce the settlement agreement.” J.A. 9290 (emphasis added).
If the court’s express withdrawal of jurisdiction in its order of dismissal were not enough, surely these additional statements adequately demonstrate that the court relinquished jurisdiction over the settlement agreement. Moreover, they *32 show that the court dismissed the case as moot only with regard to the eight filters that ClearPlay took off the market because the court had already exercised its discretion not to retain jurisdiction over the other 1,992 filters. Having decided to relinquish jurisdiction- over those filters, the court correctly reasoned that dear-play’s decision to “take off the shelves and not sell the [eight] allegedly offending filters” was “the end of this litigation.” J.A. 9293-94.
The district court was never, and is not now, obligated to retain jurisdiction to enforce the settlement agreement. This is particularly true here because the court determined that continuing to assert jurisdiction would not foster judicial economy. See Kokkonen, 511 U.S. at 380, 114 S.Ct. 1673. Far from furthering judicial economy, the majority vacates the district court’s ruling but authorizes it to do on remand precisely what it already did: exercise its discretion to “withdraw[ ] its pri- or retention of jurisdiction to enforce the settlement and license agreement.” J.A. 6. I see no reason to require the district court to engage in this pointless exercise. Because the district court did not err by withdrawing jurisdiction over the 1,992 filters and dismissing the case as moot with regard to the eight filters that ClearPlay agreed not to sell, I would affirm. Nevertheless, since my colleagues do not agree that the district court clearly withdrew its jurisdiction over the 1,992 filters, the court on remand merely needs to restate its decision to relinquish jurisdiction in the clearest possible terms and this case should be at an end. Of course, nothing prevents the plaintiff from bringing a new action on the 1,992 filters or pursuing enforcement under section 4.6 of the settlement agreement.