[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11531
Non-Argument Calendar
_____

D.C. Docket No. 4:12-cv-00094-CDL

EDDIE SLAUGHTER,

Plaintiff-Appellant,

SLAUGHTER FARMS INC.,

Plaintiff,

versus

UNITED STATES DEPARTMENT OF AGRICULTURE,
CALVIN HYER, et al.,

Defendants-Appellees,

RANDY ROTH, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(February 14, 2014)

Before TJOFLAT, MARCUS, and MARTIN, Circuit Judges.

PER CURIAM:

Eddie Slaughter appeals the district court's dismissal of his pro se Amended Complaint in which he alleged violations of the Consent Decree in Pigford v. Glickman, 185 F.R.D. 82 (D.D.C. 1999), and additional state-law claims. The district court dismissed the Consent Decree claims for lack of subject matter jurisdiction and declined to exercise supplemental jurisdiction over the remaining state-law claims. After careful review, we affirm.

I.

Slaughter was a prevailing plaintiff in the Pigford litigation, a class action lawsuit in which black farmers sued the U.S. Department of Agriculture (USDA). The Pigford litigation was settled by a Consent Decree. As part of the settlement, Slaughter received $50,000 and certain debt relief.

Slaughter's primary allegation is that the USDA and other federal government defendants (collectively USDA) have breached the Consent Decree by improperly recording liens against his property. His Amended Complaint asserted six counts: (I) breach of the Consent Decree; (II) request for a preliminary injunction to stop the breach of the Consent Decree; (III) improper taking in violation of the Consent Decree and the Fifth Amendment; (IV) conspiracy; (V)

fraudulent concealment; and (VI) an unspecified claim regarding his former attorney Jon Coogle's representation.

USDA and Coogle each moved to dismiss the claims against them. The district court granted the motions and entered judgment in their favor. The district court found it lacked subject matter jurisdiction over Slaughter's claims against the federal defendants, because the District Court for the District of Columbia retained jurisdiction over all alleged violations of the terms of the Consent Decree. In light of that ruling, the district court declined to exercise supplemental jurisdiction over the remaining state-law claims against Coogle. Slaughter then filed this appeal.

II.

We review de novo a district court's order granting a motion to dismiss for lack of subject matter jurisdiction, viewing the facts in the light most favorable to the plaintiff. Parise v. Delta Airlines, Inc., 141 F.3d 1463, 1465 (11th Cir. 1998). We review a district court's decision not to exercise supplemental jurisdiction for abuse of discretion. Engelhardt v. Paul Revere Life Ins. Co., 139 F.3d 1346, 1351 n.4 (11th Cir. 1998).

A.  Counts I through III

The district court correctly determined that it lacked subject matter jurisdiction over Counts I through III, because it did not have an independent jurisdictional basis to enforce the Pigford Consent Decree.

Enforcing a settlement agreement generally falls outside the ancillary jurisdiction of the federal courts, even where the court had jurisdiction to hear the underlying case. Anago Franchising, Inc. v. Shaz, LLC, 677 F.3d 1272, 1278 (11th Cir. 2012). A claim for the enforcement of a settlement agreement is essentially a contract dispute for which there must be some independent basis for federal jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 381–82, 114 S. Ct. 1673, 1677 (1994). However, a court may specifically retain jurisdiction to enforce a settlement agreement or consent decree through its contempt power. Am. Disability Ass'n, Inc. v. Chmielarz, 289 F.3d 1315, 1319–21 (11th Cir. 2002).

Slaughter brought his complaint in the United States District Court for the Middle District of Georgia. As the district court correctly found, it does not have an independent basis for jurisdiction to enforce violations of the Pigford Consent Decree. The only court that reserved jurisdiction to enforce Consent Decree violations was the District Court for the District of Columbia. Paragraph 13 of the Consent Decree, entitled "Enforcement Procedures," explains the process for seeking enforcement before that court.

4

While Slaughter argues his claims are separate and apart from the Consent Decree, his Amended Complaint does not reflect any independent claims.[1]  For example, Count I is entitled "Breach of Consent Decree."  And Counts II and III allege that the defendants have taken actions in violation of the terms and conditions of the Consent Decree.  We therefore affirm the district court's finding that it lacked subject matter jurisdiction over Counts I through III of Slaughter's Amended Complaint.

### B.  Counts IV through VI

We also affirm the district court's decision not to exercise supplemental jurisdiction over Slaughter's state-law claims for conspiracy, fraudulent concealment, and alleged misconduct by his former attorney.  A district court may decline to exercise supplemental jurisdiction over additional claims after dismissing all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3); Raney v. Allstate Ins. Co., 370 F.3d 1086, 1089 (11th Cir. 2004) ("We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial. ").  Slaughter does not offer any argument on appeal that the district court abused its discretion in following this well-settled rule in this case.  See, e.g., Roper v. Edwards, 815 F.2d

---

[1] If after further evaluation Slaughter determines, as he claims, that he has other federal claims, under a federal statute or the United States Constitution, that are truly separate and independent from the Consent Decree, the Middle District of Georgia may be the proper court for those claims.

5

1474, 1477 (11th Cir. 1987) ("[I]t is an abuse of discretion for a federal court to dismiss pendent state claims where no viable state forum exists at the time of dismissal.").

## III.

For these reasons, we affirm.

**AFFIRMED.**