**Robert Lee ANDREWS,**
**Plaintiff–Appellant,**

v.

**Chief Mike PERSLEY, Defendant–**
**Appellee.**

**No. 16-11943**
**Non-Argument Calendar**

United States Court of Appeals,
Eleventh Circuit.

Date Filed: 09/27/2016

Eli J. Litoff, Laura Kleinman, Riley Safer Holmes & Cancila LLP, Chicago, IL, David Michael Shapiro, Roderick and Solange MacArthur Justice Center, Northwestern University School of Law, Chicago, IL, George Brian Spears, G. Brian Spears, PC, Atlanta, GA, for Plaintiff–Appellant

Before TJOFLAT, WILSON, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Robert Andrews, a Georgia prison inmate proceeding pro se, brought this action under 42 U.S.C. § 1983 against Mike Persley, Chief of the City of Albany Police Department. The action was referred to a Magistrate Judge, who granted Andrews leave to proceed *in forma pauperis* and then recommended that the case be dismissed for lack of proper venue. In response, Andrews filed a pleading voluntarily dismissing the action under Federal Rule of Civil Procedure 41(a). The District Court, rather than treating Andrews' pleading as a self-executing notice of dismissal under Rule 41(a), converted the pleading into a "motion" (which was the heading Andrews gave it) and then granted it, dismissing the case on the improper venue ground. The Court did so in an attempt to further the purposes of the "three-strikes provision" of the Prison Litigation Reform Act (PLRA), which prevents prisoners from proceeding *in forma pauperis* if they have had three prior cases dismissed on the grounds that the allegations of the complaint were (1) frivolous, (2) malicious, or (3) failed to state a claim upon which relief may be granted. 28 U.S.C. 1915(g). The Court reasoned that because Rule 41(a) is "[s]ubject to ... any applicable federal statute," Fed. R. Civ. 41(a), prisoners cannot exercise their right to a voluntary dismissal in the face of an adverse Magistrate Judge's recommendation because doing so would allow the prisoner to "exploit" Rule 41(a) and avoid receiving a "strike" under the PLRA's three-strikes provision. Andrews appeals the Court's decision.

Rule 41(a)(1) entitles a plaintiff to voluntarily "dismiss an action without a court order by filing ... a notice of dismissal

before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). A notice of dismissal "is effective immediately upon filing." *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1277 (11th Cir. 2012) (quoting *Matthews v. Gaither*, 902 F.2d 877, 880 (11th Cir. 1990) (per curiam)).

As the District Court correctly observed, Rule 41 is "[s]ubject to ... any applicable federal statute." Fed. R. Civ. P. 41(a)(1). The Court discerned a conflict between the literal operation of Rule 41(a)(1) and the PLRA purpose, which is to "deter frivolous suits." *Bruce v. Samuels*, ––– U.S. –––, 136 S.Ct. 627, 632, 193 L.Ed.2d 496 (2016), and opted to enforce the PLRA policy. We find no language in the PLRA indicating Congress' intent to override Rule 41(a)'s operation in the prisoner litigation context. We came to the same conclusion in *Daker v. Comm., Ga. Dep't of Corr.*, 820 F.3d 1278, 1286 (11th Cir. 2016), in refusing to count as a "strike" the prisoner's failure to prosecute an appeal.

> Our interpretation means that a prisoner can file unlimited frivolous appeals and avoid getting strikes by declining to prosecute the appeals after his petitions to proceed *in forma pauperis* are denied. *See Butler* [*v. Dep't of Jusitce*], 492 F.3d [440] at 444 [ (D.C.Cir. 2007) ]. But "even the most formidable argument concerning the statute's purposes could not overcome the clarity we find in the statute's text." *Nichols v. United States*, ––– U.S. –––, 136 S.Ct. 1113, 1119, 194 L.Ed.2d 324 (2016) (quoting *Kloeckner v. Solis*, ––– U.S. –––, 133 S.Ct. 596, 607 n. 4, 184 L.Ed.2d 433 (2012)). We must interpret the statute that Congress enacted, not rewrite the text to match our intuitions about unstated congressional purposes.

It follows that if failure to prosecute an appeal does not count as a PLRA "strike," neither does the voluntary dismissal of an action pursuant to Rule 41(a). The judgment of the District Court is accordingly vacated and the case is remanded with the instruction that the Court instruct the Clerk to note the vacation of the judgment on the case docket sheet and substitution for the judgment a voluntary dismissal pursuant to Rule 41(a).

SO ORDERED.