[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-13424
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-21324-KMW

FIRST CLASSICS, INC.,
a Delaware corporation,

Plaintiff-
Counter Defendant-
Appellant,

versus

JACK LAKE PRODUCTIONS, INC.,
a Canadian corporation,
JAAK JARVE,
as an individual,

Defendants-
Counter Claimants-
Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 4, 2017)

Before TJOFLAT, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

First Classics, Inc. ("First Classics") appeals the dismissal with prejudice of its action against Jack Lake Productions, Inc. and Jaak Jarve (collectively "Jack Lake") after the parties filed a joint Stipulation and Notice of Dismissal. Although the procedural history is somewhat convoluted, this matter began when First Classics filed an action against Jack Lake in the Northern District of Illinois for copyright infringement, breach of contract, and tortious interference. Jack Lake responded by filing a separate lawsuit—raising identical claims—against First Classics in the Southern District of Florida. First Classics asserted counterclaims in the Florida lawsuit, and the parties agreed to transfer the Illinois case to the Southern District. An unopposed motion to consolidate the two cases was filed. Following court-ordered mediation in the original Florida action, the parties filed a notice of settlement and the court sua sponte dismissed that case after the parties failed to comply with an order to file a stipulation of dismissal. See Jack Lake Prods. v. Bonfiglio, No. 15-cv-20780-JEM (S.D. Fla. Feb. 24, 2015). Thereafter, the district court in this case denied the motion to consolidate as moot.

Apparently unable to finalize the terms of their settlement agreement, the parties continued to litigate the instant matter. Nearly eight months after the first court's sua sponte dismissal, the parties filed a joint "Stipulation and Notice of

2

Dismissal" pursuant to "Fed. R. Civ. P. 41(A)" in this action, which, it is urged on appeal, was intended to be without prejudice. Instead, the district court dismissed the action with prejudice in an order filed on February 2, 2016. First Classics subsequently filed an unopposed motion to set aside the order of dismissal with prejudice that was ultimately denied by the district court on May 19, 2016. The district court, noting the parties' failure to accurately label the stipulation under Rule 41, "construed the dismissal under 'Rule 41(A)' to fall under Subsection 41(a)(2) and exercised its discretion in dismissing the Parties' claims against each other with prejudice." In doing so, the district court highlighted "the convoluted litigation history between the Parties, the inability of the Parties to reach a global settlement, their continued litigation of claims they represented to another court had been settled, their failure to comply with court order, and . . . the interests of judicial economy."

On appeal, First Classics argues that the parties intended the dismissal to be without prejudice and that Rule 41(a)(1)—under which it is urged they intended to file—requires dismissal to be without prejudice unless the stipulation provides otherwise. First Classics further argues that a joint stipulation under Rule 41(a)(1) is self-executing and the district court was without jurisdiction over this case once

3

it had been filed.[1] Jack Lake, the party who filed the joint stipulation with the district court, has chosen not to participate in this appeal.

This Court recently considered, for the first time, the appropriate standard to use in reviewing a district court's construction of an ambiguous Rule 41(a) filing. See Anago Franchising, Inc. v. Shaz, LLC, 677 F.3d 1272, 1276–77 (11th Cir. 2012). We found that the "determination of whether a document was filed under Rule 41(a)(1) or Rule 41(a)(2) is a legal conclusion that can be made on the face of the filing and does not depend on facts the district court should find in the first instance." Id. at 1276. Accordingly, we review the decision of the district court on this issue de novo. Id. As we held in Anago, a de novo review requires this Court to search for the parties' intent when they filed the contested document and "the best indication of that intent is the document itself." Id.

The determination of whether the joint Stipulation and Notice of Dismissal was filed pursuant to Rule 41(a)(1) or Rule 41(a)(2) is particularly salient here because it decides whether the district court had jurisdiction to enter its order dismissing the case with prejudice. A stipulation filed pursuant to Rule 41(a)(1) "is self-executing and dismisses the case upon its . . . filing unless it explicitly conditions its effectiveness on a subsequent occurrence." Id. at 1278. A district

---

[1] First Classics also argues that, even if it retained jurisdiction after the stipulation was filed, the district court was required to provide notice of its intention to dismiss the case with prejudice. Because we need not reach the issue to resolve this case on appeal, we decline to address that argument.

4

court "need not and <u>may not</u> take action after the stipulation becomes effective because the stipulation dismisses the case and divests the district court of jurisdiction." <u>Id.</u> (emphasis added). In contrast, dismissal pursuant to Rule 41(a)(2) expressly requires the approval of the district court and is not effective unless and until the court takes appropriate action.

Accordingly, we first review, <u>de novo</u>, whether the district court's decision to "construe[] the dismissal under 'Rule 41(A)' to fall under Subsection 41(a)(2)" and to "exercise[] its discretion in dismissing the Parties' claims against each other with prejudice" was correct. Here, the parties styled the document a "Stipulation and Notice of Dismissal." The word "stipulation" appears in Rule 41(a)(1) but not in its counterpart, Rule 41(a)(2). <u>See</u> <u>Anago</u>, <u>id.</u> at 1276. ("The parties styled the document a 'Stipulation,' which is expressly required in Rule 41(a)(1)(A)(ii) and not mentioned in Rule 41(a)(2)."). Moreover, rather than requesting the court's permission to dismiss the action, the document merely provides the court with "notice of dismissal," which strongly indicates that the parties did not consider a court order necessary to make it effective. <u>See id.</u> ("[T]he Stipulation does not contemplate that a court order is necessary to make it effective. There is no signature line for the district court, and the statement retaining jurisdiction is not a request made to the district court but a declaration of retained jurisdiction."). Finally, the parties clearly envisioned that this document would effectuate the

5

dismissal when they included, in the body of the stipulation, the provision that "this action and counterclaims shall be, and is [sic], dismissed." We therefore conclude that the Stipulation and Notice of Dismissal was filed pursuant to Rule 41(a)(1)(A)(ii) and that the district court's construction of the document as falling under Rule 41(a)(2) was in error.[2]

Accordingly, because a stipulation filed under Rule 41(a)(1) is self-executing, it was effective upon filing and the district court was without jurisdiction to enter its subsequent order dismissing with prejudice. Moreover, the terms of Rule 41 expressly provide that "[u]nless the notice or stipulation states otherwise, the dismissal [under Rule 41(a)(1)] is without prejudice." Fed. R. Civ. P. 41(a)(1)(B). Therefore, because the Stipulation and Notice of Dismissal was silent on the issue of prejudice, and because the district court was without jurisdiction to enter its subsequent order, this action should have been, and in fact was, dismissed without prejudice. Accordingly: (1) the district court's February 2, 2016 "Order Dismissing Case" with prejudice is VACATED; (2) the district court's May 19, 2016 "Order Denying Plaintiff's Motion to Set Aside Order of

---

[2] We are aware that several drafts of the proposed settlement agreement included in the record on appeal provide that "[t]he parties agree to the dismissal with prejudice of all claims and counterclaims in the Litigation." Because Jack Lake—as the party who filed the stipulation—chose not to oppose First Classics' motion to set aside the order at the district court and has chosen not to participate in this appeal we are unable to infer that any intent that may have been expressed in these draft settlement agreements carried forward to the stipulation.

Dismissal with Prejudice" is VACATED as moot; and (3) this appeal is DISMISSED.

**VACATED AND DISMISSED.**