ANDERSON, Circuit Judge,
concurring specially:
I concur in the decision in this case on the understanding that putative class members who move to intervene and file a notice of appeal within the thirty-day time to appeal from the final judgment effected by a Federal Rule of Civil Procedure 41(a)(l)(A)(ii) joint stipulation are not foreclosed from exercising their conditional right to intervene after final judgment for the purpose of appealing the district court’s previous denial of class certification, as contemplated by the Supreme Court in United Airlines, Inc. v. McDonald, 432 U.S. 385, 97 S.Ct. 2464, 53 L.Ed.2d 423 (1977).[1] This understanding relies upon my agreement with the holding and rationale of In re: Brewer, No. 15-8009, 863 F.3d 861, 2017 WL 3091563 (D.C. Cir. July 21, 2017) (Ginsburg, J.). Although Brewer held that a Rule 41(a)(l)(A)(ii) “stipulated dismissal is effective automati- *1327 eally upon filing and requires no further action on behalf of a district court in order to constitute a final judgment,” id at 868, 2017 WL 3091563 at *4, it also held that the district court did have jurisdiction to hear and approve a motion to intervene by a previously absent putative class member to appeal the denial of class certification even though the named plaintiff and defendant had stipulated to dismissal. Id. at 868-70, 2017 WL 3091563 at *4-5.
Brewer reasoned that a joint stipulation of dismissal reveals the mootness, of the case as between the parties to the stipulation, leaving the district court without jurisdiction over other issues as between those parties. Id. at 868-69, 2017 WL 3091563 at *4. According to the Brewer panel, the lack of jurisdiction on the part of the district court following such a joint dismissal is attributable to mootness, and not to any special feature of Rule 41(a)(l)(A)(ii). Id However, Brewer held that the mootness and lack of jurisdiction as to the parties to the stipulation did not affect the district court’s continuing jurisdiction to entertain a motion to intervene by putative class members to appeal the district court’s denial of class certification. Id. at 869-70, 2017 WL 3091563 at *5.
My understanding also is a recognition that our decision in Anago Franchising, Inc. v. Shaz, LLC, 677 F.3d 1272 (11th Cir. 2012), is distinguishable because it lacked the class action context present in this case, in the Brewer case, and in the McDonald case. The issue in Anago was whether parties could ensure that a district court had continuing jurisdiction to enforce their settlement agreement after a Rule 41(a)(l)(A)(ii) dismissal by stating that the court would have such jurisdiction. Id. at 1280.[2] Anago did not occur in the class action context, nor did it concern a motion to intervene for the purpose of appealing an adverse class certification decision as contemplated in McDonald.
To be sure, Anago contains broad dicta suggesting that a Rule 41(a)(l)(A)(ii) stipulated dismissal always extinguishes district court jurisdiction. See id. at 1278 (“District courts need not and may not take action after the stipulation becomes effective because the stipulation dismisses the case and divests the district court of jurisdiction.”). But this language must be read in the. context of the named parties’ attempt to create “otherwise nonexistent federal jurisdiction, rely[ing] upon a relationship so tenuous as the breach of an agreement that produced the dismissal of an earlier federal suit.” Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 379, 114 S.Ct. 1673, 1676, 128 L.Ed.2d 391 (1994). Indeed, we know that Anago’s dicta cannot be taken literally. Rule 41(a)(1) dismissals do not strip district courts of the power to impose sanctions. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 398, 110 S.Ct. 2447, 2457, 110 L.Ed.2d 359 (1990). Nor do they foreclose a court’s consideration of cost and attorney fee awards. See id. at 395-96, 110 S.Ct. at 2455-56. We have also held that a Rule 41(a)(1) dismissal does not bar a district court from confirming an arbitral award. PTA-FLA, Inc. v. ZTE USA, Inc., 844 F.3d 1299, 1309 (11th Cir. 2016).[3] And *1328 it is broadly accepted that courts retain jurisdiction to consider motions to reopen the judgment under Rule 60(b) after a Rule 41(a)(1) dismissal. See, e.g., Yesh Music v. Lakewood Church, 727 F.3d 356, 363 (5th Cir. 2013). Accordingly, I do not think Anago should be interpreted to strip district courts of jurisdiction to consider post-dismissal motions by putative class members to intervene in order to appeal the denial of class certification as contemplated by McDonald. Indeed, such an interpretation of Anago would be incompatible with the Supreme Court’s decision in McDonald[4]
Assuming, as I do, that Anago is distinguishable as above described, and thus limited such that it is not inconsistent with Brewer, the tension between the Anago dicta and McDonald is resolved. I can thus concur in today’s decision, and its holding that the thirty-day time limit for filing Appellants’ notice of appeal began to run immediately upon the filing of the joint stipulation pursuant to Rule 41(a)(l)(A)(ii).

. Under McDonald, putative class members may rely on the putative named plaintiffs to represent their interests and then intervene after final judgment to appeal the denial of class certification so long as they do so "as soon as it bec[omes] clear” that their interests are no longer being adequately protected by the putative named plaintiffs. Id. at 394, 97 S.Ct. at 2470. This conditional right is founded in concerns of fairness and judicial economy: it (1) protects the reasonable expectations of absent class members, see id. at 394, 97 S.Ct. at 2469; (2) does not significantly prejudice a defendant that was already actively defending against the absent class members’ claims, see id. at 392-94, 97 S.Ct. at 2469-70; and (3) avoids unnecessary and duplicative ' litigation by. obviating the need for interested parties to intervene shortly after the initial denial of class certification in order to preserve their rights, see id. at 394 n.15, 97 S.Ct. at 2470 n.15.

. Anago's holding is narrow: we recognized that jurisdiction could be retained if parties "requested” the district court to retain jurisdiction in their stipulated dismissal and the district court entered an order retaining jurisdiction subsequent to their stipulated dismissal. See id. at 1280 (citing Am. Disability Ass'n, Inc. v. Chmielarz, 289 F.3d 1315, 1318 (11th Cir. 2002)).

. Cooter & Gell and PTA-FLA both concerned a plaintiffs unilateral notice of dismissal under Rule 41 (a)(l)(A)(i). See Cooter & Gell, 496 U.S. at 393-94, 110 S.Ct. at 2454-55; PTA-FLA, 844 F.3d at 1308. But they are not distinguishable on that ground. See Anago, 677 F.3d at 1278 (stating that “[tjhe distinctions Rule 41(a)(1) draws between stipulations and notices are based on the stage of *1328 litigation during which they may be filed” and "finding] no reason” to treat the two differently for jurisdictional purposes).

. In addition, such a result would be a matter of significant concern because of the obvious risk of collusion. See Brewer, 2017 WL 3091563, at *5 (discussing this risk). The defendant in class action cases has an obvious and strong incentive to insist on a joint stipulation of dismissal that fails to protect the rights of putative class members, thus accomplishing not only a settlement with the named plaintiff, but also—if the conditional rights of putative class members under McDonald were eviscerated—effectively ending the often more dangerous class action. Similarly, the settling named plaintiff may have no incentive to protect the rights of putative class members. Indeed, elimination of the class action can serve as leverage for the named plaintiff to exact a more favorable settlement for its own benefit.