IN THE UNITED STATES DISTRICT COURT 
 FOR THE MIDDLE DISTRICT OF ALABAMA 
 NORTHERN DIVISION 

JONATHAN SINGLETON, et al., ) 
 ) 
 Plaintiffs, ) 
 ) 
 v. ) CASE NO. 2:20-CV-99-WKW 
 ) [WO] 
CITY OF MONTGOMERY, ) 
ALABAMA, et al., ) 
 ) 
 Defendants. ) 

 ORDER 
 Jonathan Singleton, Ricky Vickery, and Micki Holmes (“Plaintiffs”) bring 
this action against the City of Montgomery, Alabama (the “City”), Hal Taylor, in his 
official capacity as Secretary of the Alabama Law Enforcement Agency, and Derrick 
Cunningham, in his official capacity as Sheriff for Montgomery County, Alabama. 
Plaintiffs seek class certification as well as declaratory and injunctive relief, alleging 
that enforcement of Alabama Code §§ 13A-11-9(a)(1) and 32-5A-216(b) violates 
their right to freedom of speech under the First Amendment as incorporated by the 
Fourteenth Amendment to the United States Constitution. 
 Plaintiffs and the City represent that they have reached a settlement agreement 
that resolves this dispute with respect to Plaintiffs’ claims against the City only. 
(Doc. # 56.) In the Joint Stipulation of Dismissal with Prejudice, Plaintiffs and the 
City request the court to “retain jurisdiction to enforce the [settlement agreement] 
for three . . . years.” (Doc. # 56, at 2.) The settlement agreement primarily requires 
that the City will not enforce either Alabama Code § 13A-11-9(a)(1) or Alabama 

Code § 32-5A-216(b) pending a determination on the constitutionality of the 
respective statutes. (Doc. # 56-1, at 5–6.) Further, the settlement agreement 
provides for several contingencies based on the outcome of the remaining case 

between Plaintiffs and Defendants Taylor and Cunningham. For instance, if the case 
against Defendants Taylor and Cunningham is resolved without a ruling on the 
constitutionality of the statutes at issue, then the City 
 will continue to be bound to refrain from enforcing the 
 [s]tatutes until the earlier of (i) ten . . . years from the date 
 of an Order in this case dismissing the lawsuit against the 
 City, or (ii) a ruling by the United States Eleventh Circuit 
 Court of Appeals or the Alabama Supreme Court that the 
 [s]tatutes are constitutional. 

(Doc. # 56-1, at 5–6). Although this portion of the settlement agreement does not 
contemplate it, a ruling from the United States Supreme Court holding the respective 
statutes constitutional would also permit the City to begin enforcement. 
 Moreover, in the event the case is resolved without any court ruling on the 
constitutionality of the statutes, such that the City “is bound to refrain from enforcing 
the [s]tatutes for the above mentioned ten-year period, Plaintiffs shall not be 
precluded from renewing their claims against the [the City] after the expiration of 
the ten-year period should the City resume enforcing the [s]tatutes.” (Doc. # 56-1, 
 2 
at 6.) 
 “[F]or a district court to retain jurisdiction over a settlement agreement where 

the parties dismiss the case by filing a stipulation of dismissal pursuant to Rule 
41(a)(1)(A)(ii), either (1) the district court must issue the order retaining jurisdiction 
under Kokkonen prior to the filing of the stipulation, or (2) the parties must condition 

the effectiveness of the stipulation on the district court’s entry of an order retaining 
jurisdiction.” Anago Franchising, Inc. v. Shaz, LLC, 677 F.3d 1272, 1280 (11th Cir. 
2012) (citing Kokkonen v. Guardian Life Ins. of Am., 511 U.S. 375 (1994) (footnote 
omitted)). Here, Plaintiffs and the City have conditioned the effectiveness of the 

stipulation on the entry of an order retaining jurisdiction. Based upon the nature of 
this litigation and the represented terms of settlement, the court will retain 
jurisdiction over the enforcement of the settlement agreement until November 24, 

2023. By retaining jurisdiction, the court does not adopt any conclusions of law 
contained in the settlement agreement. 
 Accordingly, it is ORDERED as follows: 
 (1) Plaintiffs and the City’s Joint Motion (Doc. # 56) is GRANTED; 

 (2) Plaintiffs’ action against the City of Montgomery is DISMISSED with 
prejudice on the terms agreed to by Plaintiffs and the City; 

 3 
 (3) The court shall retain jurisdiction over the enforcement of the settlement 
agreement until November 24, 2023; and 

 (4) This action proceeds as to Plaintiffs’ action against remaining Defendants. 
 DONE this 24th day of November, 2020. 
 /s/ W. Keith Watkins 
 UNITED STATES DISTRICT JUDGE