[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-15205
_____

D.C. Docket No. 9:17-cv-81070-BB

HARRY SARGEANT, III,

Plaintiff-Appellee,

versus

DANIEL HALL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 2, 2020)

Before JORDAN and JILL PRYOR, Circuit Judges, and COOGLER,[*] District
Judge.

JORDAN, Circuit Judge:

_____

[*] The Honorable L. Scott Coogler, Chief United States District Judge for the Northern District of
Alabama, sitting by designation.

Under Federal Rule of Civil Procedure 41(d), if a plaintiff who voluntarily dismissed an action files a second action against the same defendant based on or including the same claim, "the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied." The question presented in this appeal—one of first impression in our circuit—is whether Rule 41(d) applies when a plaintiff, after dismissing the first federal action, files a subsequent action in state court. For the reasons which follow, we conclude that Rule 41(d) does not apply in such a scenario.

## I

In February of 2018, Harry Sargeant, III filed a complaint against Daniel Hall and others in federal court. He alleged, in pertinent part, that Mr. Hall had conspired with the other defendants to access a computer server and email account in order to obtain his sensitive information. Mr. Sargeant asserted two claims against Mr. Hall. The first was conspiracy to violate the federal Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030, and the second was civil conspiracy to invade privacy and violate Florida's Computer Abuse and Data Recovery Act ("CADRA"), Fla. Stat. § 668.801 et seq.

Mr. Hall moved to dismiss the complaint, and the district court referred the motion to a magistrate judge. On May 30, 2018, the magistrate judge issued a report recommending that the district court grant the motion because Mr. Sargeant failed

2

to state a claim against Mr. Hall.  On June 4, 2018, before the district court acted on the report, Mr. Sargeant filed a notice of voluntary dismissal pursuant to Rule 41(a)(1)(A)(i).   The district court accordingly dismissed the action without prejudice, providing that "[e]ach party shall bear its own attorneys' fees and costs[.]" D.E. 198.

About three weeks later, Mr. Sargeant filed a new action—this time in a Florida state court—against Mr. Hall and the other defendants based on the same alleged wrongful conduct.  Mr. Sargeant asserted the same Florida law claim against Mr. Hall—for civil conspiracy to invade privacy and violate CADRA—that had been alleged in the federal action, as well as a separate invasion of privacy claim, but omitted the federal CFAA claim.

After Mr. Sargeant filed the state-court complaint, Mr. Hall moved in the closed federal case for costs of the previously dismissed federal action under Rule 41(d).  The district court referred the motion to a magistrate judge, who issued a report recommending its denial.  The magistrate judge concluded that Rule 41(d) "applies only when the defendant seeks relief in the second judicial proceeding, which must be in federal court."  D.E. 216 at 4.  The magistrate judge first reasoned that a Rule 41(d) motion for costs must be filed in the second action based on the language of subsection (d)(1), which authorizes the court to order the plaintiff to pay the costs of the "previous action."  *Id.* at 5.  He next determined that the motion for

3

costs must be filed in the second action because subsection (d)(2) permits the district court to "stay the proceedings until the plaintiff has complied," and the first action— which has already been dismissed—cannot and need not be stayed. *See id.* Finally, he explained that a subsequent state-court action cannot trigger Rule 41(d) because that would render the stay provision superfluous, as the district court in the first-filed federal action cannot stay a state-court proceeding. *See id.* at 8.

Mr. Hall objected to the report, arguing that the magistrate judge erroneously limited Rule 41(d) to cases where the second action is filed in federal court. The district court overruled Mr. Hall's objections and adopted the report in full. *See* D.E. 225. The district court noted that Mr. Hall's "suggested application of Rule 41(d) . . . would eviscerate [the] well established rule" that a plaintiff has an unconditional right to dismiss a complaint before the defendant has answered or moved for summary judgment under Rule 41(a)(1)(A)(i). *Id.* at 2.

With the benefit of oral argument, we affirm.

## II

The district court's interpretation of Rule 41(d) presents a legal question, so our review is plenary. *See Lizarazo v. Miami-Dade Corr. & Rehab. Dep't*, 878 F.3d 1008, 1010 (11th Cir. 2017) ("We review *de novo* a district court's interpretation of the Federal Rules of Civil Procedure."); *Jordan v. Time, Inc.*, 111 F.3d 102, 105 (11th Cir. 1997) ("[T]he proper interpretation of Rule 68 is a legal question[.]").

4

## III

After voluntarily dismissing his federal action, Mr. Sargeant filed a second action in state court against Mr. Hall based on or including the same claim. The sole question for us is whether Rule 41(d) applies when a plaintiff refiles a previously dismissed federal action in state court.[1]

## A

"We give the Federal Rules of Civil Procedure their plain meaning." *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 540 (1991) (quoting *Pavelic & LeFlore v. Marvel Entm't Grp.*, 493 U.S. 120, 123 (1989)). We therefore begin by examining the text of Rule 41(d).

Rule 41(d) states:

**(d) Costs of a Previously Dismissed Action.**  If a plaintiff who previously dismissed *an action in any court* files an *action* based on or including the same claim against the same defendant, the court:

   **(1)** may order the plaintiff to pay all or part of the costs of that *previous action*; and

   **(2)** may *stay the proceedings* until the plaintiff has complied.

---

[1] The parties dispute whether "costs" under Rule 41(d) includes attorneys' fees. We do not reach this issue because we conclude that Rule 41(d) costs cannot be awarded in this case.

5

(emphasis added).  We agree with the magistrate judge and the district court that the better reading of Rule 41(d) is that the motion for costs must be submitted in the second action, which must have been filed in federal court.[2]

The first sentence of Rule 41(d) specifies that the initial action may be filed "in any court."  When describing the second action, however, Rule 41(d) only refers to filing "an action"—without specifying that it may be "in any court."  That the first "action" is modified by "in any court," and that the second "action" is not, suggests that the latter must be filed in federal court, as an "action" under the Federal Rules of Civil Procedure generally refers to a suit in a federal district court.  *See* Fed. R. Civ. P. 1 ("These rules govern the procedure in all actions and proceedings in the United States district courts[.]").

Although the "normal rule of statutory construction [is] that words repeated in different parts of the same statute generally have the same meaning," *Law v. Siegel*, 571 U.S. 415, 422 (2014) (citations and internal quotation marks omitted), that default principle does not govern where—as here—the repeated word is modified in one instance but not the other.  *See Envtl. Def. v. Duke Energy Corp.*, 549 U.S. 561, 574 (2007) ("[T]he natural presumption that identical words used in different parts of the same act are intended to have the same meaning . . . is not rigid

---

[2] We do not address whether Rule 41(d) applies where the second action is filed in state court and then successfully removed to federal court, as that scenario is not presented here.

and readily yields whenever there is such variation in the connection in which the words are used as reasonably to warrant the conclusion that they were employed in different parts of the act with different intent.") (citation and internal quotation marks omitted).  The D.C. Circuit dealt with a similar issue of statutory construction in *NetCoalition v. S.E.C.*, 715 F.3d 342, 349–50 (D.C. Cir. 2013), and we agree with its approach.  There, the statute used the term "action" three times.  *See id.* at 349.  In two of those instances, "action" was modified by the adjective "such," but the third time it was not.  *See id.*  The D.C. Circuit interpreted the final reference to "action" differently than the first two, explaining that it could not "ignore the Congress's decision to leave" the third reference to action "unmodified."  *Id.* at 350.

Mr. Hall argues that had the drafters intended to require that the motion for costs be filed in the second action—or that the second action be filed in federal court—they would have expressly included those limitations in Rule 41(d).  He points to other Federal Rules of Civil Procedure which contain such express requirements.  *See, e.g.,* Fed. R. Civ. P. 26(c)(1) (providing that "[a] party or any person from whom discovery is sought may move for a protective order in *the court where the action is pending*") (emphasis added); Fed. R. Civ. P. 27(a)(4) (providing that a "deposition to perpetuate testimony may be used . . . in any *later-filed district-court action* involving the same subject matter") (emphasis added).  But, as we will discuss shortly, language in Rule 41(d) does indeed indicate that the motion should

7

be filed in the second action. And if the drafters wanted to permit the second action to be filed in any court, they could just as easily have modified the second reference to "action" by adding "in any court," just as they did with the first mention of "action." *See NetCoalition*, 715 F.3d at 350. As we see things, "[o]ur interpretation neither adds anything to nor subtracts anything from the [Rule's] language," *Harris v. Garner*, 216 F.3d 970, 976 n.3 (11th Cir. 2000), while Mr. Hall's interpretation, in contrast, adds a modifier that is missing.

The title of Rule 41(d), "Costs of a Previously Dismissed Action," also suggests that the motion for costs must be filed in the second action, as it refers to the first action in the past tense. *See I.N.S. v. Nat'l Ctr. For Immigrants' Rights, Inc.*, 502 U.S. 183, 189 (1991) ("[T]he title of a statute or section can aid in resolving an ambiguity in the legislation's text."). Subsection (d)(1) likewise provides that the court may order the plaintiff to pay costs of the "previous action," reinforcing that the motion must be filed in the second suit. Mr. Hall submits that this language does not dictate *where* the motion for costs must be filed, but instead makes clear *when* costs are available, i.e., when a plaintiff dismisses and refiles essentially the same case. We take Mr. Hall's point. But if Rule 41(d) were intended to permit filing the motion in the now-dismissed first federal action to recover the costs of that very case, it would make more sense for the Rule to state that it provides for the recovery

8

of costs of the instant action based on the subsequent filing of a successive lawsuit. Instead, it authorizes the awarding of costs of the *previous* action.

In addition, subsection (d)(2) provides that the district court "may stay the proceedings until the plaintiff has complied" with its order awarding costs. As the magistrate judge explained, only the second action can be stayed, as the first action has already been dismissed and the case is therefore closed. Unless the federal court in the first action can stay the second state-court action, the stay provision may become superfluous. *See Corley v. United States*, 556 U.S. 303, 314 (2009) (explaining that "one of the most basic interpretive canons" of statutory construction is that "a statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void, or insignificant") (citations, alterations, and internal quotation marks omitted). Although we do not decide the issue, we note that a federal court seeking to stay a state-court action pursuant to Rule 41(d) would need to comply with the Anti-Injunction Act and its limited exceptions. *See* 28 U.S.C. § 2283 ("A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.").

Mr. Hall reasons that issuing a stay is discretionary (as subsection (d)(2) provides that the court "*may* stay the proceedings," not that it *must*), and as a result

9

the stay provision offers an alternative remedy that may be available in some cases but not others.  He insists that a remedy is not superfluous just because it is not always available.  Under Rule 41(d), however, a stay is not an alternative remedy, but an enforcement mechanism—it provides a way for the district court to enforce its order awarding costs of the previously dismissed action.

We acknowledge that there is little case law directly addressing whether Rule 41(d) costs may be awarded if the second action is filed in state court.  It does not appear that any other circuit has tackled this question, and the handful of district courts that have reviewed the issue have reached different conclusions.  *Compare Ross v. Infinity Ins. Co.*, No. 12-5050, 2013 WL 2495114, at *2 (E.D. Pa. June 10, 2013) (awarding the defendant costs under Rule 41(d) where, after the plaintiffs voluntarily dismissed a federal action against the defendant, they refiled a nearly identical action in state court), *and Fees v. Zarco*, No. 1:17-CIV-20564-KMM, 2019 WL 2106072, at *4–6 (S.D. Fla. Feb. 11, 2019), *report and recommendation adopted*, 2019 WL 2105922 (S.D. Fla. Mar. 08, 2019) (same), *with Ayers v. Sarstedt, Inc.*, No. 3:16-cv-00275-R CJ-WGC, 2016 WL 4521685, at *2 (D. Nev. Aug. 29, 2016) (denying Rule 41(d) costs where the second action was filed in state court),

*and Collier v. Nat'l Penn Bank*, No. 12-3881, 2013 WL 7157976, at *1–2 (E.D. Pa.

Apr. 1, 2013) (same).[3]

But the two district courts that awarded costs where the second action was

filed in state court did not conduct a textual analysis. *See Ross*, 2013 WL 2495114,

at *3–5; *Zarco*, 2019 WL 2106072, at *4. And although in these cases the second

suit was filed in state court, it does not appear that the issue of whether Rule 41(d)

applied in this circumstance was raised. The two district courts that actually

examined the text of Rule 41(d) interpreted it the same way as we do here. *See*

*Ayers*, 2016 WL 4521685, at *2 ("Plaintiffs have filed a subsequent suit in state

court; however, Rule 41(d) applies to cases in which a plaintiff has filed and

dismissed a case prior to the case at bar. Here, Plaintiffs filed a case after this case,

not prior to it; thus Rule 41(d) does not apply."); *Collier*, 2013 WL 7157976, at *1

n.2 ("We do not read 'in any court' as modifying the 'files an action' language in

the Rule."). In addition, at least one treatise has noted—albeit with little analysis—

---

[3] In the district court, Mr. Hall relied on *HControl Holdings, LLC v. Bright House Networks, LLC*, No. 8:13-cv-39-T-AAS, 2017 WL 625314, at *2 (M.D. Fla. Feb. 15, 2017). *HControl Holdings* is distinguishable because there the plaintiff moved for leave to file a voluntary dismissal of the federal action pursuant to Rule 41(a)(2). *See id.* at *1. The district court granted the motion, but on the condition that the plaintiff would be required to pay fees and costs if it refiled the action. *See id.* Thus, after the plaintiff refiled the action in state court, the federal court had jurisdiction to impose costs pursuant to its prior order. *See id.* at *2. As discussed later, we have upheld district court orders placing this kind of condition on a dismissal under Rule 41(a)(2). *See, e.g., Versa Prods., Inc. v. Home Depot, USA, Inc.*, 387 F.3d 1325, 1329 (11th Cir. 2004) (holding that the district court did not abuse its discretion in placing a condition on a voluntary dismissal under Rule 41(a)(2) that, upon refiling, the plaintiff must pay the attorneys' fees and costs of the defendant). Here, the district court imposed no such condition, as Mr. Sargeant voluntarily dismissed the federal action pursuant to Rule 41(a)(1)(A)(i).

that Rule 41(d) applies only when the second action is filed in federal court. *See* 27A Federal Procedure, Lawyers' Edition § 62:558 (Thompson Reuters 2019) ("[Rule] 41(d) is applicable *where the second action is filed in federal court*, regardless of whether the first action was brought in state or federal court.") (emphasis added).

Although there is little authority on whether Rule 41(d) permits the award of costs under these circumstances, a few state courts have addressed their own procedural rules that are worded identically (or very similarly) to Rule 41(d). These courts generally have interpreted their state rules to require filing the motion for costs in the second action. *See U.S. Fidelity & Guar. Co. v. Rodgers*, 882 P.2d 1037, 1041 (Mont. 1994) (holding that where the plaintiff voluntarily dismissed a state court action and then refiled a nearly identical suit in federal court, the defendant could not seek costs under Montana's Rule 41(d) in the state court action because that rule "clearly vests the power to award costs with the court in which the subsequent action is commenced"); *Transit Homes, Inc. v. Bellamy*, 701 S.W.2d 126, 127 (Ark. 1985) (explaining that the language of Arkansas' Rule 41(d) "makes clear that 'the court'" in which the motion for costs should be filed "is that court in which the second action has been filed and it is that court which 'may make such order for the payment of costs of the action previously dismissed . . . *and* . . . may stay the proceedings'"); *Fields v. Irvin H. Whitehouse & Sons Co.*, 390 S.E.2d 725, 727 (N.C.

12

Ct. App. 1990) ("[I]f the plaintiff commences an action against the same defendant based upon or including the same claim before the costs of the previous action have been paid, the trial court *in the second action* shall, upon motion of the defendant, order the plaintiff to pay the costs of the first action[.]") (emphasis added).

Florida courts have interpreted Florida's analog to Rule 41(d)—Rule 1.420(d)—to require costs "to be assessed in the action that is the subject of the voluntary dismissal." *Wilson v. Rose Printing Co.*, 624 So. 2d 257, 258 (Fla. 1993). But the language of Rule 1.420(d) is significantly different from the language of Rule 41(d). *See* Fla. R. Civ. P. 1.420(d) ("Costs in any action dismissed under this rule shall be assessed and judgment for costs entered in *that action*, once the action is concluded as to the party seeking taxation of costs. . . . If a party who has once dismissed a claim in any court of this state commences an action based upon or including the same claim against the same adverse party, the court shall make such order for the payment of costs. . .") (emphasis added).

## B

We also conclude that, contrary to Mr. Hall's assertions, our reading is consistent with the structure of Rule 41 and the policies behind it.

Rule 41(a) delineates three different methods for voluntarily dismissing an action. The first two methods are "as of right" under Rule 41(a)(1), which provides for dismissal by a plaintiff filing a notice before the opposing party serves either an

13

answer or a motion for summary judgment (Rule 41(a)(1)(A)(i)), or by a stipulation signed by all parties (Rule 41(a)(1)(A)(ii)). *See* 8 James Wm. Moore et al., Moore's Federal Practice – Civil § 41.20 (3d ed. 2019). The third method, under Rule 41(a)(2), requires the plaintiff to move for leave to dismiss by court order. *See id.*

Mr. Hall asserts that our interpretation of Rule 41(d) "introduces an anomaly in Rule 41," because if Mr. Sargeant had dismissed his suit and then refiled in state court after Mr. Hall filed an answer, the district court would have had the discretion under Rule 41(a)(2) to condition the dismissal on the payment of costs. Yet, because Mr. Sargeant voluntarily dismissed under Rule 41(a)(1)(A)(i), the district court cannot award costs for the same vexatious conduct.

There is no anomaly, however, because subsections (a)(1) and (a)(2) serve different purposes. As the Supreme Court explained in *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 397 (1990), "[p]rior to the promulgation of the Federal Rules, liberal state and federal procedural rules often allowed dismissals or nonsuits as a matter of right until the entry of the verdict or judgment." Rule 41(a)(1) "was designed to limit a plaintiff's ability to dismiss an action," but "preserved a narrow slice" of plaintiffs' ability to control their suits: "It allow[s] a plaintiff to dismiss an action without the permission of the adverse party or the court only during the brief period before the defendant had made a significant commitment of time and money." *Id.* Rule 41(a)(2), in contrast, serves "primarily to prevent voluntary dismissals

14

which unfairly affect the other side, and to permit the imposition of curative conditions." *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 856 (11th Cir. 1986).[4]

Rule 41(a)(1)(A)(i) was, therefore, intended to preserve the plaintiff's ability to control the lawsuit early in the litigation and permits voluntarily dismissing the federal action without a court order and refiling a new action in state court. *See* 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2363 (3d ed. 2019) ("The right of voluntary dismissal by notice prior to service of the answer or a motion for summary judgment . . . frequently is used in th[e] situation when a plaintiff, who is unwilling to prosecute the action in federal court, wishes to dismiss in order to start a new action in state court . . . .") (footnote omitted). Rule 41(a)(2), on the other hand, was designed to protect defendants after they answer or move for summary judgment, so that a district court may choose to condition a dismissal under

---

[4] In *Cooter*, the Supreme Court held that a district court may impose Rule 11 sanctions after the plaintiff has voluntarily dismissed the action under Rule 41(a)(1)(A)(i): "[A] federal court may consider collateral issues after an action is no longer pending," and the imposition of a Rule 11 sanction, like costs or attorney's fees, is a collateral issue. *See* 496 U.S. at 395–96. In view of *Cooter*, we assume without deciding that if Rule 41(d) authorized the imposition of costs after the second action were filed in state court, the federal district court in the previously dismissed action could impose costs. *Cf. Mathews v. Crosby*, 480 F.3d 1265, 1276–77 (11th Cir. 2007) (affirming the district court's order granting costs to the defendants who were voluntarily dismissed because they were prevailing parties under Rule 54(d)(1)) (citing *Sequa Corp. v. Cooper*, 245 F.3d 1036, 1037–38 (8th Cir. 2001) (holding that a voluntary dismissal under Rule 41(a)(1)(i) does not deprive a district court of its authority to award costs)); *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1308–09 (11th Cir. 2016) (holding that a district court had jurisdiction to entertain a motion to confirm an arbitration award after the plaintiff voluntarily dismissed the action under Rule 41(a)(1)(A)(i) because a motion to confirm is "collateral" to the initial proceeding).

15

that provision on paying the opposing party's costs upon the refiling of the action. *See Versa Prods., Inc.*, 387 F.3d at 1328.

Finally, we think it is relevant that the conduct that Rule 41(d) seeks to deter is the filing of the second action. *See, e.g.,* 8 James Wm. Moore et al., Moore's Federal Practice – Civil § 41.70 (3d ed. 2019) ("Rule 41(d) does not permit an award of costs unless a second action has been commenced."); *Andrews v. America's Living Ctrs., LLC*, 827 F.3d 306, 309 (4th Cir. 2016) ("[T]he purpose of Rule 41(d) is to serve as a deterrent to forum shopping and vexatious litigation.") (citations and internal quotation marks omitted); *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 874 (6th Cir. 2000) ("Rule 41(d) is also intended to prevent attempts 'to gain any tactical advantage by dismissing and refiling th[e] suit.'") (citation omitted). The Federal Rules of Civil Procedure are designed to regulate conduct in federal court, *see* Fed. R. Civ. P. 1, so when the second action is filed in state court, it should be state law which determines whether and to what extent costs and/or fees should be assessed against the plaintiff.

We recognize that there may be situations where a plaintiff dismisses a federal action and refiles it in state court in a state lacking a procedural mechanism equivalent to Rule 41(d), leaving a defendant like Mr. Hall without a remedy for obtaining the costs of the previous action. Indeed, it appears that Mr. Hall has no remedy in the Florida state-court action, based on how Florida courts have

16

interpreted Rule 1.420(d). *See Wilson*, 624 So. 2d at 258 ("Rule 1.420(d) is unambiguous—costs are to be assessed in the action that is the subject of the voluntary dismissal."). But "[w]hatever merits th[is] and other policy arguments may have," we cannot "rewrite [Rule 41(d)] to accommodate them." *See Artuz v. Bennett*, 531 U.S. 4, 10 (2000).

## IV

The district court correctly determined that Mr. Hall is not entitled to costs under Rule 41(d) because Mr. Sargeant filed the second action against him in state court. We therefore affirm.

**AFFIRMED.**