[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-10149

_____

T. COREY COLBERT,
administrator of the estate of Shirley L. Reaid,
VIRGINIA GAY REAID,
administrator of the estate of Ervin N. Reaid,
JAMES DALE AMOS,
SHERYL REAID,

Plaintiffs-Appellants,

*versus*

DR. DAVID B. WILSON,

Defendant-Appellee,

DR. TRENT L. PRAULT,

                                        Defendant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 4:19-cv-00154-MHC

_____

Before ROSENBAUM, JILL PRYOR, Circuit Judges, and ALTMAN,[*] District Judge.

PER CURIAM:

This appeal arises from two lawsuits filed by Ervin N. Reaid following the death of his wife Shirley L. Reaid.[1] In short, Mr. Reaid alleged that Defendant-Appellee Dr. David B. Wilson and others who provided medical services to his wife committed medical

---

[*] The Honorable Roy Altman, United States District Judge for the Southern District of Florida, sitting by designation.

[1] Mr. Reaid filed claims in both his capacity as a surviving spouse and as the administrator of his wife's estate. During the pendency of this appeal, however, Mr. Reaid passed away. At that point, Virginia Reaid was named as the administrator of Mr. Reaid's estate and T. Corey Colbert was named as the administrator of the estate of Shirley Reaid. The Reaids' children, Sheryl Reaid and James Dale Amos, were also added as plaintiffs in the case. So the appellants here are Colbert, Virginia Reaid, Sheryl Reaid, and James Amos.

malpractice, causing her death. In the first case, a district court judge entered sanctions against Mr. Reaid for discovery abuses. When Mr. Reaid attempted to voluntarily dismiss that case, the district court conditioned the dismissal on the payment of the sanctions.

Mr. Reaid did not pay the sanctions. Instead, months later, he filed the current lawsuit, which landed in front of a different district-court judge. When this happened, Dr. Wilson moved to dismiss the action as an improperly refiled action. The court agreed and dismissed the second case, which effectively served as a dismissal with prejudice because the relevant statute of limitations had run during the pendency of the first action. The court also entered additional sanctions against Mr. Reaid's counsel because of the improper filing and because the second action continued to include another doctor who had previously been shown to be an improper defendant.

Mr. Reaid now appeals the dismissal of the second lawsuit and the sanctions entered as a result of that filing. After careful consideration, we affirm for the reasons set forth below.

**I.**

On November 30, 2015, Shirley Reaid underwent aortobifemoral bypass surgery. Defendant-Appellee David B. Wilson was the lead surgeon who operated on Mrs. Reaid, and Dr. Trent Prault was the assisting surgeon. Following surgery, Mrs. Reaid experienced complications. On December 15, 2015, a

CT scan revealed that Mrs. Reaid had developed low blood flow to her left colon and a bowel obstruction. Because of this situation, a general surgeon had to remove portions of Mrs. Reaid's bowel, and Dr. Wilson performed an angiogram, balloon angioplasty, and stent placement in Mrs. Reaid's occluded superior mesenteric artery. Mrs. Reaid was discharged from the hospital on January 22, 2016.

A year and a half later, on May 5, 2017, Mrs. Reaid was readmitted to the hospital. The diagnosis was "acute renal failure, acute pyelonephritis, peripheral artery disease, diabetes type 2, hypertension, and hyperlipidemia." An exploratory laparotomy was performed and Dr. Wilson's impression was severe sepsis. Unfortunately, Mrs. Reaid died three days later, on May 8, 2017.

## A.

Mr. Reaid filed a complaint on November 21, 2017, in the United States District Court for the Northern District of Georgia (Case No. 4:17-cv-00271-HLM ("*Reaid I*")). In that case, Mr. Reaid asserted a wrongful-death claim, a loss-of-consortium claim, and an estate claim, naming Dr. Wilson and Dr. Prault, among others, as defendants. Mr. Reaid alleged that Dr. Wilson and Dr. Prault "negligently screened and evaluated [Shirley Reaid] prior to surgery," negligently replaced her intestines "in her body cavity in such a way as to injure her intestines by crimping the blood supply," and negligently "failed to diagnose the loss of the blood supply to Mrs. Reaid's intestines until 15 days after the [original] operation." Mr. Reaid sought $63 million in damages.

Mr. Reaid later voluntarily dismissed all the defendants in the case except Dr. Wilson and Dr. Prault. After that happened, Dr. Prault testified during his deposition that his role in the November 30, 2015, procedure was limited to serving as an assisting doctor, that he did not see Mrs. Reaid before surgery, and that he was not involved in her aftercare. Given this testimony, the parties agreed on the record to dismiss Dr. Prault because no viable claim existed against him.

Although Mr. Reaid was required to provide a written report by his expert doctor, he failed to do so. Instead, Mr. Reaid submitted a one-page letter lacking any causation opinions. Nonetheless, when defense counsel deposed Mr. Reaid's expert, the doctor stated that he had formed various opinions not contained in the one-page letter.

Based on this event and other alleged discovery violations, the defense filed a motion for sanctions, claiming the defendants had incurred $9,569.10 in fees and costs. The district court directed Mr. Reaid to file any objections to the itemized list of fees and costs, but he filed none.

Instead, Mr. Reaid moved to dismiss the entire case voluntarily. The defendants opposed the motion, contending Mr. Reaid "should not be able to avoid the consequences of his conduct by dismissing and re-filing his case." So the defendants asked the court to "condition Plaintiff's voluntary dismissal upon the payment of sanctions in the amount of $9,569.10" if it was inclined to allow the dismissal of the case. And they explicitly urged,

"Regardless of whether Plaintiff's case is ultimately refiled by the same counsel or new counsel, Plaintiff should not be permitted to re-file his case until the monetary sanctions owed to the Defendants are paid in full."

Judge Harold L. Murphy, who was the district-court judge in *Reaid I*, entered an order on January 15, 2019, granting Mr. Reaid's motion for voluntary dismissal but declaring that sanctions were to be awarded to the defendants for discovery violations, including for the failure to provide a proper expert report. Judge Murphy recognized the defendants' request that the court condition the voluntary dismissal on the payment of the fees and expenses incurred and found the condition to be appropriate. Therefore, the order explained that the court would "condition voluntary dismissal upon Plaintiff's full payment of $9,569.10 in litigation expenses and attorney's fees, as itemized in Defendants' Motion for Sanctions." Consequently, Judge Murphy granted the motion for voluntary dismissal "with the conditions requested by Defendants and described above."

## B.

On July 13, 2019, without having paid the sanctions ordered in *Reaid I*, Mr. Reaid filed the current action, purporting to renew his case under O.C.G.A. § 9-2-61(a). The case was assigned to a different district-court judge. (Case No. 4:19-cv-00154-MHC ("*Reaid II*" or the instant case)). Mr. Reaid again named Drs. Wilson and Prault as defendants and essentially repeated the allegations from the original complaint filed in *Reaid I*. When

defense counsel learned of the newly filed lawsuit, he wrote to Mr. Reaid's attorney and pointed out, among other things, that the sanctions from *Reaid I* had not been paid before the filing of *Reaid II*. Counsel demanded payment in full, as well as dismissal of the case with prejudice within ten days, and alleged that certain claims and factual assertions in *Reaid II* did not meet the threshold requirements of Rule 11, Fed. R. Civ. P.

Counsel for Mr. Reaid responded to the letter by calling defense counsel on or about July 31, 2019. During the call, Mr. Reaid's counsel suggested that the sanctions award could serve as a set-off against any ultimate award to Mr. Reaid in *Reaid II*. Defense counsel rejected that proposal. So Mr. Reaid's attorney asked if the payments could be made over time. But defense counsel insisted that the sanctions be paid in full, so on August 1, 2019, Mr. Reaid's counsel mailed a check in the amount of $9,569.10 on behalf of his client. On the same day, Mr. Reaid filed an amended complaint seeking to "delete" Dr. Prault from the case and later filed a motion to drop Dr. Prault from the case.

In response to these events, Dr. Wilson moved to dismiss, advancing several arguments. First, he claimed the district court lacked subject-matter jurisdiction because Mr. Reaid failed to pay the sanctions before filing the case, which was a condition precedent to refiling. Second, because the plaintiff allegedly did not properly refile the action within six months, as required by O.C.G.A. § 9-2-61(a), the defense contended, the statute of limitations had not been preserved from *Reaid I* and had expired.

Third, Dr. Wilson argued that Mr. Reaid failed to state a claim upon which relief could be granted under Georgia law. And Drs. Wilson and Prault filed a motion for Rule 11 sanctions because of the alleged improper refiling and because the lawsuit included Dr. Prault when no legal or factual basis for a claim against him existed.

The district court ultimately granted both motions. On the motion to dismiss, the court concluded the *Reaid II* complaint filed on July 13, 2019, was a nullity because Mr. Reaid filed the case without first paying the $9,569.10 in sanctions ordered in *Reaid I*. Citing Rule 41(b), Fed. R. Civ. P., the court determined that it could dismiss the case on that ground alone—disobeying a court order. The court also reasoned that dismissal was appropriate because the statute of limitations had expired during the pendency of *Reaid I*. By the time Mr. Reaid properly filed the second action in August 2019 (by paying the sanctions), the court explained, the six months permitted by O.C.G.A. § 9-2-61(a) to refile the case had passed, having expired on July 15, 2019.[2]

As for the motion for sanctions, the district court determined that by refiling the lawsuit without paying the $9,569.10 in attorney's fees and litigation expenses, plaintiff's counsel "violated the clear and plain terms of Judge Murphy's

---

[2] While the district court initially dismissed only Mr. Reaid's claims as a surviving spouse, it later dismissed as time-barred the claims brought in Mr. Reaid's capacity as an administrator of Mrs. Reaid's estate.

order." It continued, finding counsel had no reasonable basis for naming Dr. Prault as a defendant in *Reaid II* based on the happenings in *Reaid I*. As sanctions for "willfully disobeying" Judge Murphy's prior order and for violating Rule 11(b)(3) by asserting claims against Dr. Prault without a reasonable factual basis, the district court directed Mr. Reaid's counsel to pay the reasonable attorney's fees and litigation expenses in *Reaid II* from the time of the filing of the initial complaint through the motion to dismiss the second amended complaint—an amount determined to be $13,107.70.

Appellants now challenge the dismissal of *Reaid II* as well as the $13,107.70 sanctions award issued in that proceeding.

## II.

Appellants advance three reasons why the district court erred in dismissing the claims in *Reaid II*. First, they say the district court improperly found the sanctions imposed in *Reaid I* were "costs" required to be paid under the Georgia refiling statute, O.C.G.A. § 9-2-61. Second, they argue that they should have been given additional time to pay the sanctions under Rules 41 and 11 of the Federal Rules of Civil Procedure. Third, they assert generally that the dismissal of Mr. Reaid's action in *Reaid II* was erroneous. We address each argument in turn.[3]

---

[3] To the extent other, perhaps more meritorious, arguments exist that may have gone further in establishing error on the part of the district court in dismissing *Reaid II*, we do not consider them because Appellants did not make

20-10149              Opinion of the Court              10

## A.

Appellants first assert that the district court in *Reaid II* erred when it allegedly determined that the sanctions from *Reaid I* were "costs" required to be paid under Georgia's refile statute— O.C.G.A. § 9-2-61.  That statute provides that when a plaintiff dismisses a case commenced within the applicable statute of limitations, the action may be recommenced within six months after dismissal subject to the requirement that costs in the original action be paid.  *See* O.C.G.A. § 9-2-61(a).  Because the sanctions were not "costs" that had to be paid before *Reaid II* could be properly filed, Appellants contend, the *Reaid II* district court was wrong to conclude they were and to therefore determine that *Reaid II* was not a proper refiling, but rather a new action.

---

them here or in the district court.  As a result, any such arguments have been forfeited, waived, or abandoned.  *See United States v. Willis*, 649 F.3d 1248, 1254 (11th Cir. 2011) ("A party seeking to raise a claim or issue on appeal must plainly and prominently so indicate. . . . Where a party fails to abide by this simple requirement, he has waived his right to have the court consider that argument." (cleaned up)); *see also Access Now, Inc. v. Sw. Airlines Co.,* 385 F.3d 1324, 1330 (11th Cir. 2004) ("[A] legal claim or argument that has not been briefed before the [appellate] court is deemed abandoned and its merits will not be addressed.").

Appellants fundamentally misunderstand the district court's order. The district court did not state that the basis for dismissal was a failure to pay "costs" under O.C.G.A. § 9-2-61. In fact, the district court assumed all "costs" had been paid. But it noted that Mr. Reaid had not paid the $9,569.10 in sanctions from *Reaid I* before refiling. And the court ruled it could dismiss on this ground alone—deliberately disobeying Judge Murphy's prior order. The district court separately concluded that the case must be dismissed because the statute of limitations had expired before Appellants eventually got around to paying the *Reaid I* sanctions.

And if this were not made clear initially, the district court clarified its position in its subsequent order. There, when Mr. Reaid again raised the "costs" argument, the district court explained, "In the Dismissal Order, the Court specifically assumed that Plaintiff had complied with O.C.G.A. § 9-2-61(a)'s requirement that he pay costs in the original action" and that it "did not hold that the sanctions ordered by Judge Murphy were costs." Then, it again said in the later order that "Plaintiff's claims are barred because he did not validly refile *Reaid I within six months* of voluntarily dismissing it." The attempt to refile was ineffective "not because [Mr. Reaid] failed to pay 'costs of the original action,' but because he failed to comply with the explicit terms of a court order." The Court deemed the case filed on the date the sanctions were paid—August 1, 2010—and by that time, it was too late to renew *Reaid I* under Georgia's renewal statute, and the statute of limitations had run.

We easily reject Appellants' argument that the dismissal of *Reaid II* was based on a finding that the *Reaid I* sanctions were "costs" and therefore the action could not be renewed under O.C.G.A. § 9-2-61(a). That simply is not the case, as evidenced by the district court's orders.

## B.

Appellants next seem to argue that, under Rule 41(d), Fed. R. Civ. P., Mr. Reaid was permitted to pay the sanctions imposed in *Reaid I* <u>after</u> filing *Reaid II*. They further claim that under Rule 11(c)(2), Fed. R. Civ. P., Mr. Reaid had twenty-one days from the time he filed the complaint in *Reaid II* to correct the payment of sanctions ordered in *Reaid I*. We disagree on both fronts.

First, with respect to Rule 41(d), "[i]f a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant," that rule allows the court in the later action to "order the plaintiff to pay all or part of the costs of that previous action; and [to] stay the proceedings until the plaintiff has complied." Rule 41(d), Fed. R. Civ. P. Invoking Rule 41(d), Appellants suggest the *Reaid II* Court should have stayed the proceedings and ordered Mr. Reaid to pay the sanctions as "costs" of the prior action.

We reject this argument. First, no party ever filed a Rule 41(d) motion in *Reaid II* seeking such relief. Second, the plain language of Rule 41(d) indicates that it applies to the payment of

"costs" only and not to other conditions of a voluntary dismissal. *See* Rule 41(d), Fed. R. Civ. P. and *Sargeant v. Hall*, 951 F.3d 1280, 1281 (11th Cir. 2020). As we have explained, the *Reaid I* sanctions were not "costs." Because the sanctions were not "costs," Rule 41(d) fails to support Appellants' argument. Third, even if "costs" were at issue here, Rule 41(d) does not require the district court to stay the proceedings to provide additional time for their payment; rather, it authorizes the district court to do so. Fourth, the rule says nothing about what happens when a plaintiff fails to comply with a court order.

As for Appellants' contention that Rule 11(c)(2) somehow saves *Reaid II*, we reject the argument as well. Appellants suggest that under Rule 11(c)(2), Mr. Reaid should have been given 21 days from the refiling of the suit to make payment without risking a dismissal. They note the action was refiled on July 13, 2019, and Mr. Reaid paid the outstanding sanctions on August 1, 2019. Because the sanctions were paid within the 21-day safe-harbor period of Rule 11(c)(2), Appellants contend the district court erred in dismissing the case.

Rule 11(c)(2), Fed. R. Civ. P., sets forth a detailed procedure to be followed by a party seeking sanctions. It states as follows:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5,

> but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

Rule 11(c)(2), Fed. R. Civ. P.

Rule 11(c)(2)'s "safe harbor" allows the party on whom the Rule 11 motion is served to avoid sanctions by withdrawing or correcting the offending document after receiving notice of the alleged violation.  In this way, the 21-day safe-harbor rule is meant to prevent the entry of sanctions in a case, allowing for remedial conduct by the offending party.  But Rule 11(c)(2) does not support Appellants' cause because, at the time Mr. Reaid filed *Reaid II*, Judge Murphy had already issued his sanctions order in *Reaid I*. There was nothing to withdraw or correct in July 2019 to avoid the *Reaid I* sanctions; the *Reaid I* court had already concluded sanctions were appropriate.

Put simply, Rule 11 is a means to avoid the entry of sanctions, not a means to somehow alter a sanctions order

previously issued.[4] Rule 11(c)(2) has nothing to do with the dismissal of a case for failure to comply with a court order under Rule 41 or a motion to dismiss under Rule 12(b)(6) for filing an action outside the statute of limitations. Because nothing in Rule 11 requires the extension of time for the payment of sanctions, Appellants' argument fails.

## C.

Finally, Appellants urge us to hold that the district court erred in finding the statute of limitations to have expired by the time Mr. Reaid properly filed the complaint in *Reaid II*. They say Mr. Reaid was permitted to refile the lawsuit within six months of dismissal and did so because he filed on July 13, 2019—within six months of the January 15, 2019, *Reaid I* dismissal. In Appellants' view, the district court incorrectly determined that the complaint was actually filed on August 1, 2019—the date the sanctions were paid to the defendants. In short, Appellants assert *Reaid II* was a valid renewal of *Reaid I.*

For the most part, in support of this position, Appellants argue that the *Reaid I* orders did not explicitly set a time for the payment of sanctions nor did they condition a refiling of the action

---

[4] Even if we could somehow apply Rule 11(c)(2) here, it would mean that Mr. Reaid had 21 days from the date of service of the motion for sanctions in *Reaid I* to correct his conduct. But of course, those 21 days had long passed before *Reaid II* was filed.

20-10149              Opinion of the Court                16

on the payment of those sanctions. So they claim their refiling prior to making payment was a "proper" filing.

We begin by noting that, in their initial brief, Appellants did not argue that the *Reaid I* orders failed to explicitly set the payment of sanctions as a condition precedent to refiling. Rather, they did so for the first time in their reply brief. But arguments raised for the first time in a reply brief are deemed waived. *See, e.g., Doe #6 v. Miami-Dade Cnty.*, 974 F.3d 1333, 1339 (11th Cir. 2020) ("Because this argument appeared for the first time in the [appellants'] reply brief, we consider it waived."). That said, even if we were to address the merits of the argument, the argument fails.

Our decision in this appeal boils down to whether we agree with the district court's interpretation of Judge Murphy's orders in *Reaid I*—that the payment of sanctions was a condition precedent to refiling. Typically, we review for abuse of discretion a district court's decision to dismiss a case for failure to comply with a court order. *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1122 (11th Cir. 2017). But this standard applies when we review a district court's interpretation of its *own* orders. *Id.* Here, we are faced with reviewing one district judge's interpretation of another judge's orders, so we do not extend deference to that interpretation. *Id.* (citing *Alley v. U.S. Dep't of Health & Hum. Servs.*, 590 F.3d 1195, 1202 (11th Cir. 2009)). Instead, we review the interpretation of Judge Murphy's orders *de novo.*

But even applying the less deferential *de novo* standard, we have no difficulty affirming. Judge Murphy issued sanctions under Rule 37(c)(1)(A), and Mr. Reaid did not object to the entry of those sanctions. When Mr. Reaid moved to voluntarily dismiss the case in *Reaid I*, the defendants opposed the motion and requested that the district court condition the grant of any such motion on the payment of sanctions. Judge Murphy did just that when he stated, "The Court therefore will condition voluntary dismissal upon Plaintiff's full payment of $9,569.10 in litigation expenses and attorney's fees, as itemized in Defendants' Motion for Sanctions." Judge Murphy enjoyed the discretion to set the terms of the dismissal under Rule 41(a)(2),[5] including conditioning the dismissal of the case upon the payment of fees. *See Versa Prods., Inc. v. Home Depot, USA, Inc.*, 387 F.3d 1325 (11th Cir. 2004) (per curiam).

Here, Judge Murphy's order requires the conclusion that the payment of sanctions in *Reaid I* was a condition precedent to filing a subsequent lawsuit, as Judge Murphy agreed "with the conditions requested by the [d]efendants." And the conditions the defendants requested were that Mr. Reaid "should not be permitted to re-file his case until the monetary sanctions owed to the Defendants are

---

[5] Rule 41(a)(2) states, in relevant part, "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, *on terms that the court considers proper.*" Rule 41(a)(2), Fed. R. Civ. P. (emphasis added).

paid in full." Additionally, because *Reaid I* was terminated on the same day that Judge Murphy issued his order, the obvious implication was that the lawsuit could not be renewed until the sanctions were paid. Granted, Judge Murphy's orders did not explicitly state that the plaintiff was required to pay the sanctions before refiling. But this was the obvious import of the orders. Indeed, the payment of sanctions as a condition precedent to refiling was meant to protect the defendants from having to defend yet another lawsuit without having had the expenses of the first action paid.

Here, though, Mr. Reaid disobeyed a court order because he failed to pay the sanctions before filing the second lawsuit. And failure to comply with the prior order supports the district court's dismissal of *Reaid II* under Rule 41(b). *See Foudy*, 845 F.3d at 1126 (noting that a district court possesses the inherent power to dismiss a complaint for failure to comply with a court order) (citing *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)).[6]

---

[6] We've held that "a dismissal *with prejudice* . . . may be properly imposed [under Rule 41(b)] *only* when: '(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice.'" *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337–38 (11th Cir. 2005) (quoting *World Thrust Films, Inc. v. Int'l Fam. Ent., Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995)). Since the Appellants never suggest that these conditions were absent here, they've waived any such argument. *See Cont'l Tech. Servs., Inc., v. Rockwell Int'l Corp.*, 927 F.2d 1198, 1199 (11th Cir. 1991) ("An argument not made is waived . . . .").

### III.

As a final matter, Appellants challenge the district court's entry of sanctions against Mr. Reaid for including Dr. Prault as a defendant in *Reaid II*.  In support of this position, Appellants contend Mr. Reaid had 21 days to amend his complaint under Rule 11.  And because Mr. Reaid filed an amended complaint to delete Dr. Prault within 21 days of filing the initial complaint, they claim sanctions were not warranted.

But Appellants lack standing to raise this argument.  While they assert that sanctions were entered against Mr. Reaid, that is incorrect.  A careful review of the record reveals that the district court in *Reaid II* in fact entered sanctions against Mr. Reaid's *counsel*, the Law Office of James A. Satcher, Jr.  And counsel did not appeal the entry of sanctions.

Appellants do not have the requisite standing to challenge the sanctions order because Mr. Reaid did not sustain an injury in fact, as he is not required to pay those sanctions. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016), *as revised* (May 24, 2016) (injury in fact is prerequisite to standing).  For this Court to address the *Reaid II* sanctions issue, Attorney Satcher or his law firm—not Appellants—would have had to file an appeal of the sanctions order. *See e.g.*, *Johnson v. 27th Ave. Caraf, Inc.*, 9 F.4th 1300, 1307 (11th Cir. 2021) (reflecting that the sanctioned attorney appealed); *Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1273 (11th Cir. 2010)

20-10149               Opinion of the Court                    20

(reflecting that the sanctioned attorneys appealed).  Because that did not happen, we lack jurisdiction to resolve this issue.

## IV.

For the foregoing reasons, we affirm the district court's dismissal of *Reaid II* and its decision to award sanctions in the case.

**AFFIRMED.**