[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-11818

Non-Argument Calendar

_____

WENDALL JERMAINE HALL,

Plaintiff-Appellant,

*versus*

LIEUTENANT PETER MEROLA,

Defendant,

CHARLES WATSON,
Sergeant,
WRIGHT,
Officer,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:15-cv-01054-BJD-PDB

_____

Before ROSENBAUM, LAGOA, and WILSON, Circuit Judges.

PER CURIAM:

Wendall Hall, a civil detainee at the Florida Civil Commitment Center ("FCCC"), proceeding *pro se*, appeals the district court's order dismissing with prejudice his remaining claims against Defendants Charles Watson and Gregory Wright, pursuant to a joint stipulation of voluntary dismissal, and denying Hall's various motions for relief from the parties' settlement agreement. After careful review, we affirm the district court's judgment.

**I.**

In 2015, Hall sued three correctional officers—Watson, Wright, and Peter Merola—under 42 U.S.C. § 1983 for alleged violations of his First and Eighth Amendment rights at a prior correctional institution. The district court dismissed the claims against Watson and Wright based on the *Heck*[1] doctrine, and a jury found

_____

[1] *Heck v. Humphrey*, 512 U.S. 477 (1994).

against Hall on his claims against Merola. On appeal, we vacated the dismissal and remanded for further proceedings with respect to Watson and Wright. *Hall v. Merola*, 67 F.4th 1282, 1295–96, 1300 (11th Cir. 2023).

On September 20, 2023, after Hall amended his complaint *pro se* on remand, Watson and Wright filed a "Notice of Settlement," advising that a settlement had been reached and requesting 30 days to complete the required documentation and to file a joint motion for voluntary dismissal. The district court ordered the parties to file a joint motion for dismissal or other appropriate documents to close out the case by November 20, 2023.

Initially, Hall tried to undo the settlement agreement in a series of filings, citing the "heavy influence of his psychiatric medications" when he signed the agreement. He also accused the defendants of "collusion, fraud[,] or bad faith," asserting that the defendants knew the settlement proceeds would be forfeited or seized to satisfy a civil-restitution lien, of which he claimed to lack prior knowledge. Just a few days later, though, Hall reversed himself and asked to withdraw these filings. He declared under penalty of perjury that he "now accepts the settlement agreement as written, stipulated and agreed to and signed by Plaintiff."

The district court granted Hall's motion to withdraw his filings on October 24, 2023. Then, on November 19, 2023, the defendants submitted a joint stipulation of voluntary dismissal, with prejudice, under Federal Rule of Civil Procedure 41(a)(1)(A), which Hall had signed on September 27, 2023.

A few days before the stipulation was filed, Hall again sought to withdraw from the settlement agreement and to reopen the case. This time, Hall accused the defendants of violating the agreement by stopping payment on the settlement check after 30 days, despite banking instructions that provided him 90 days to cash the check, and by stating that the check would be reissued to FCCC officials, not to Hall personally.

Watson and Wright responded that the district court lacked jurisdiction to enforce the terms of the settlement because the case had been dismissed under Rule 41(a)(1)(A)(ii). In the alternative, the defendants asserted that they had complied with the terms of the settlement agreement. They attached copies of the settlement agreement, correspondence with Hall, and the civil-restitution lien order, among other documents.

Hall responded in a series of filings, rehashing many of the same allegations and arguments about the alleged breaches and asking the court to take "judicial notice" of various facts. The defendants replied, providing evidence that a $20,000 check for Hall was placed in his account on November 28, 2023, and cleared on December 8, 2023. It appears the funds were then withdrawn to satisfy the lien.

The district court denied Hall's various requests for relief in an order entered on May 20, 2024. The court reasoned that it had jurisdiction to rule on Hall's motions because he had sought relief before the stipulation was filed. But the court found that the motion was without merit because Hall had agreed to the terms of the

settlement, with which the defendants complied by placing the money in Hall's FCCC inmate account. To the extent Hall believed the defendants breached the agreement, the court continued, the agreement itself required him to proceed through "an action for breach of contract" in state court. And, finally, the court concluded that Hall could not obtain broader relief against the FCCC or from the civil-restitution lien in this action. The court denied Hall's motions and dismissed the claims against Watson and Wright with prejudice, pursuant to the parties' joint stipulation of voluntary dismissal, with each party to bear their own costs and fees. Hall now appeals.

## II.

We start with the district court's subject-matter jurisdiction. Watson and Wright maintain that the court did not have jurisdiction to rule on Hall's motions after the filing of the joint dismissal stipulation under Rule 41(a)(1)(A). We review jurisdictional issues, as well as the interpretation of the Federal Rules of Civil Procedure, de novo. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 408 (11th Cir. 1999).

Rule 41(a)(1) provides that a "plaintiff may dismiss an action without a court order by filing . . . a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii). Alternatively, under Rule 41(a)(2), a plaintiff may also seek dismissal of an action "by court order" on terms that the court considers proper. Fed. R. Civ. P. 41(a)(2). "We give the Federal Rules of

Civil Procedure their plain meaning." *Sargeant v. Hall*, 951 F.3d 1280, 1283 (11th Cir. 2020) (quotation marks omitted).

A stipulation filed under Rule 41(a)(1)(A)(ii) "is self-executing and dismisses the case upon its becoming effective." *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1278 (11th Cir. 2012). And "[d]istrict courts need not and may not take action after the stipulation becomes effective because the stipulation dismisses the case and divests the district court of jurisdiction." *Id.*

Nevertheless, to be effective under Rule 41(a)(1)(A)(ii), a joint stipulation must be signed by "all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii). We have held that "all means all," including "a party that appeared but has already been removed from an action." *City of Jacksonville v. Jacksonville Hosp. Holdings, L.P.*, 82 F.4th 1031, 1038 (11th Cir. 2023). Because Defendant Merola, a party who had appeared in this action, did not sign the stipulation, the stipulation was ineffective and, therefore, not self-executing. *See id.*; *Anago Franchising*, 677 F.3d at 1278. Accordingly, the district court retained jurisdiction to issue orders in the case despite the parties' joint stipulation of dismissal.

## III.

Although the joint stipulation did not comply with Rule 41(a)(1)(A), the district court's order dismissing the remaining claims against Watson and Wright satisfied Rule 41(a)(2). *See Sanchez v. Discount Rock & Sand, Inc.*, 84 F.4th 1283, 1286, 1292–93 (11th Cir. 2023) (construing a dismissal order on an ineffective Rule

41(a)(1)(A) stipulation as a court-ordered dismissal under Rule 41(a)(2)).

First, as in *Sanchez*, the stipulation "sufficed as 'the plaintiff['s] request for a court-ordered voluntary dismissal." *Id.* at 1292. Hall admitted he agreed to the stipulation and settlement voluntarily, even if he now seeks to avoid the settlement based on the defendants' alleged post-settlement violations of that agreement.[2] And second, the district court, after considering the stipulation, settlement, and the parties' evidence and arguments, ordered dismissal "on terms that the court consider[ed] proper," *see* Fed. R. Civ. P. 41(a)(2), namely with prejudice, with each party to bear their own costs and fees, and without retaining jurisdiction to enforce the settlement. *See Sanchez*, 84 F.4th at 1292.

We therefore construe the district court's May 20, 2024, order denying Hall's motions for relief from the settlement and dismissing the remaining claims as a court-ordered dismissal under Rule 41(a)(2). "The decision of whether to grant a voluntary dismissal pursuant to Rule 41(a)(2), Fed. R. Civ. P., falls within the

---

[2] To the extent Hall claims that the defendants engaged in pre-settlement bad faith or collusive behavior, he has waived that argument. Although Hall raised the argument in the district court, he later withdrew the relevant filings and affirmed that he "accepts the settlement agreement as written, stipulated and agreed to and signed by Plaintiff." That reaffirmation of the settlement, with knowledge of the civil-restitution lien, flatly contradicts his claim that he would not have agreed to the settlement had he known of the lien. Moreover, the record contradicts Hall's claim that he was unaware of the lien when he entered into the settlement agreement.

sound discretion of the district court." *Arias v. Cameron*, 776 F.3d 1262, 1268 (11th Cir. 2015). In exercising that discretion, the court should "weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." *Id.* at 1269.

Here, the district court did not abuse its broad discretion. As the court noted, Hall expressly "accept[ed] the settlement agreement as written, stipulated and agreed to and signed by Plaintiff." The settlement agreement did not provide for any continuing oversight by the district court. Instead, the agreement expressly provided that, "if any of the parties breach this Settlement, . . . the only remedy therefor will be an action for breach of contract and . . . the proper venue for such action will be in state court." And the court, in dismissing the case, did not require the defendants to comply with the settlement agreement or otherwise retain jurisdiction to enforce the settlement.

It is well-established that "enforcement of a settlement agreement falls outside of the scope of ancillary jurisdiction of the federal courts, even when the court had jurisdiction to hear the underlying case," unless the court "issues an order requiring compliance with the settlement agreement." *Anago Franchising*, 677 F.3d at 1278. Because the settlement agreement in this case was "not made part of a court order, it is merely a private contract arising out of a case in federal court and 'ha[s] nothing to do with' the underlying case." *Id.* at 1281 (quoting *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 380 (1994)). Accordingly, under both the parties'

contract and binding precedent, "enforcement of the settlement agreement is for state court." *Kokkonen*, 511 U.S. at 382.

For these reasons, the district court properly declined to resolve Hall's allegations that the defendants breached the terms of the settlement agreement, that the civil-restitution lien was invalid, or that other non-parties assisted in the breach or committed other misconduct.  These matters are beyond the scope of the court's jurisdiction to resolve the underlying § 1983 case.  We note, however, that nothing we say here prevents Hall from seeking relief on these allegations in state court, or from bringing a separate federal lawsuit arising from these allegations based on a violation of a federal right.

**AFFIRMED.**